THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERTA WILLIAMS, on Behalf of JOSEPH DANIELS, an Infant, Respondent, v WINDHAM CHILD CARE, Appellant.

In the Matter of ROBERTA WILLIAMS, Respondent, v ABE LAVINE, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents, and WINDHAM CHILD CARE, Respondent-Appellant.

First Department, December 23, 1976

*Bonnie P. Josephs* of counsel *(Buttenwieser & Josephs,* attorneys), for respondent-appellant.

*Michael D. Hampden* for Roberta Williams, respondent.

*Per Curiam.* Windham Child Care (hereinafter respondent) appeals from an order entered July 2, 1976 in the Supreme Court, Bronx County, which *inter alia* consolidated a habeas corpus proceeding and a CPLR article 78 proceeding brought by Roberta Williams (hereinafter petitioner) to determine her rights regarding Joseph Daniels, a child born October 24, 1971. On December 15, 1971, Joseph was found to be a neglected child and remanded to the custody of the city Commissioner of Social Services who placed him in petitioner's home for temporary foster care on January 13, 1972. Thereafter, on July 25, 1975, Joseph was removed from petitioner's care by respondent, to which supervision had been transferred on September 1, 1973. At that time petitioner was married but separated from her husband and consequently was ineligible to adopt the child. She thereafter obtained a judgment of divorce on October 10, 1975 and became qualified, as a single person, to adopt. (Social Services Law, § 383, subd 3.) At petitioner's request, a fair hearing was held on October 20, 1975 at which the sole issue considered was the propriety of Joseph's removal from petitioner's home. The State Commissioner of Social Services confirmed the removal stating that it was in the best interests of the child. Petitioner thereupon commenced an article 78 proceeding to review the commissioner's determination. Prior to the return date of the article 78 proceeding, petitioner commenced a habeas corpus proceeding seeking Joseph's return and stating that she was able and willing to adopt him; that by law she had a preference to adopt him; and, that respondent unlawfully refused to permit an adoption proceeding to commence and continued

the child in a temporary foster care status contrary to his best interests.

As limited by its brief, respondent appeals from so much of the order as denied its motion to dismiss the writ and, in the interests of justice, ordered a hearing to determine only the question of petitioner's fitness to be the adoptive mother of the child pursuant to subdivision 3 of section 383 of the Social Services Law. Pending such determination, the court held in abeyance its decision in the article 78 proceeding. Respondent also appeals from an order, entered September 20, 1976 denying its motion for reargument. However, such order is clearly not appealable.

The order appealed from is an intermediate order in a habeas corpus proceeding and no appeal lies therefrom (CPLR 7011; *State of New York ex rel. Wallace v Lhotan,* 48 AD2d 665). However, without considering the merits of petitioner's claims, the court wishes to point out certain factors which it deems pertinent.

Subdivision 3 of section 383 of the Social Services Law provides in essence that one who, as a foster parent, has had custody of an infant continuously for a period in excess of two years, may, if eligible, apply for adoption of such infant, in which event the application would be given preference and first consideration. That is a right given by statute, subject of course to the court's discretionary right to determine the propriety of such adoption. A writ of habeas corpus generally seeks to determine whether one is being illegally or improperly detained or restrained and would not ordinarily be the proper vehicle to determine petitioner's fitness or eligibility to adopt, which would have to be decided in a proper proceeding. The writ sought will not determine petitioner's fitness or eligibility to adopt Joseph. It can determine custody, but legal custody is clearly in respondent (Social Services Law, § 383, subd 2) and, by order of the Family Court entered August 12, 1975, respondent is empowered to consent to an adoption, although implicit in such power must be a recognition that such consent cannot be unreasonably withheld.

While in an appropriate case the court as *parens patriae* can always cut through procedural thickets for the best interests of the child the facts of the instant case do not call for such drastic relief at this stage of the proceedings. We are confident that Special Term and the parties herein will, in the interests of judicial economy and with the best interests of the

child in mind, act quickly to remove the cloud of uncertainty hanging over Joseph, who is presently aged five and has been in temporary foster care almost his entire life. Accordingly both appeals are dismissed as nonappealable, without costs and without disbursements.

KUPFERMAN, J. (concurring). While I concur in the determination, I do not believe we should gloss over the primary complaint of the petitioner that because she was married but separated from her husband, she was ineligible to adopt until she got her divorce. Subdivision 3 of section 383 of the Social Services Law, in providing for the possibility of adoption for foster parents of over two years' duration, refers to "any adult unmarried person". The purpose of this was to prevent discrimination against single people, not to require that they be divorced rather than separated. In fact, the distinction made may very well be a denial of equal protection of the law. (See *Stanley v Illinois,* 405 US 645; but see, *Mathews v Lucas,* 427 US 495; *Labine v Vincent,* 401 US 532; *Matter of Malpica-Orsini,* 36 NY2d 568.)

It must again be said that it is the best interest of the child that is involved and not the supremacy of rules that must be considered. (See concurring opn in *Matter of Flores,* 54 AD2d 104.)

STEVENS, P. J., MARKEWICH, BIRNS and CAPOZZOLI, JJ., concur in *Per Curiam* opinion; KUPFERMAN, J., concurs in an opinion.

Appeals from two orders of the Supreme Court, Bronx County entered on July 2, 1976 and September 20, 1976, respectively unanimously dismissed as nonappealable, without costs and without disbursements.