■ LYMAN CARTER, Respondent, v AMY WESSON, Appellant. [902 NYS2d 64]—

Appeals from (1) order of the Family Court, New York County (Lori S. Sattler, J.), entered on or about February 17, 2010, which granted the petition for a writ of habeas corpus directing the appellant to produce the parties' child in New York for custody and visitation proceedings; (2) order, same court and Justice, entered on or about February 23, 2010, which, inter alia, granted appellant's motion to dismiss the petition and vacate the writ to the extent of setting the matter down for a hearing on the issue of whether the court has subject matter jurisdiction; (3) order, same court and Justice, entered on or about March 10, 2010, which, upon the court exercising temporary emergency jurisdiction, inter alia, appointed an attorney for the child and directed that the child be produced for a hearing; and (4) from an order of the same court and Justice, entered on or about March 10, 2010, which denied appellant's motion to renew and reargue the order of February 23, 2010, unanimously dismissed, without costs.

The parties were married in 2003, had a son in 2004, and separated in 2007. After the parties separated they shared custody of the child, with the child living part of the time with the father in Manhattan and part of the time with the mother at the former marital residence in Brooklyn. In June 2009, the mother was having financial difficulties and, with the father's consent, took the son with her to Texas where she planned to reside with the child's maternal grandmother while she trained to become a Pilates instructor. At the time the mother took the child to Texas, no divorce proceeding had been commenced and although the parties had a draft of a stipulation of settlement which they negotiated through a mediator, the stipulation had not been signed or executed, and thus, had no binding effect. In January 2010, despite the father's repeated demands, the mother refused to return the child to New York. Accordingly, on February 17, 2010, the father petitioned the Family Court, New York County, for a writ of habeas corpus which was granted. In addition to seeking habeas corpus relief, the father sought an order determining custody of and visitation with the child. The mother ultimately moved to dismiss the petition for lack of subject matter jurisdiction.

The orders appealed from are intermediate orders in a habeas corpus proceeding from which no appeal lies (CPLR 7011; *People ex rel. Williams v Windham Child Care*, 55 AD2d 146 [1976]; *People ex rel. Satti v Satti*, 55 AD2d 149 [1976], *affd* 43 NY2d 671 [1977]). The threshold issue of whether the Family Court has subject matter jurisdiction to entertain this custody proceeding, however, can be resolved by allowing the mother to testify by electronic means from Texas pursuant to Domestic Relations Law § 75-j. Moreover, there appears to be no need at this juncture to take the child out of school and produce him in New York until this threshold issue of jurisdiction is resolved. Concur—Gonzalez, P.J., Sweeny, Acosta, Renwick and Román, JJ.