ABRAHAM GOODMAN, Plaintiff, *v.* PHILIP SUBOTNICK, Defendant.

Supreme Court, Kings Special Term, June, 1922.

**Vendor and purchaser — marketable title to real estate — contract entered into prior to April 1, 1920 — the holding over of a former tenant under a stay in summary proceedings is not such an incumbrance as renders the title unmarketable — dismissal of complaint of vendee of premises to recover his down payment.**

Defendant, the owner of certain real property in the city of New York, upon which was a building containing three apartments, on January 24, 1920, entered into a contract to convey said premises to plaintiff subject to two leases of two flats expiring about November, 1920, but a third tenant in occupation of the other apartment, whose lease was to expire on April 1, 1920, the day before the date fixed for the closing of title, was not mentioned in said contract. The statute (Laws of 1920, chap. 137) authorizing a judge sitting in a summary proceeding against a tenant holding over after the expiration of his term, in his discretion and upon certain conditions to stay the execution of a warrant upon granting a final order in favor of the landlord, for any period not exceeding one year, went into effect April 1, 1920. The tenant whose lease expired on that day not having vacated his apartment the closing of title was adjourned eventually until April 13, 1920, and though in the meantime summary proceedings were instituted against him the execution of the warrant issued upon a final order awarding possession of the apartment to the defendant herein was stayed until May 1, 1920. On April 13, 1920, the parties herein met and defendant under his contract to convey duly tendered a deed of the premises, which plaintiff refused to accept on the ground of an alleged incumbrance

resulting from the occupancy of the tenant who had been dispossessed. In an action by the vendee to recover from the vendor the amount of the deposit made under the contract and the expenses of an examination of the title, on the ground that the title tendered was unmarketable,· *held,* that the tenant who had been dispossessed, although obliged to pay for the use and occupation of a part of the premises during the continuance of the stay, was not, strictly speaking, a tenant, because the relation between him and the defendant was created by law and not by contract.

The statute (Laws of 1920, chap. 137), which in the exercise of the police power was enacted to meet a special and peculiar emergency, did not create an incumbrance on the property but merely modified, in certain respects, the existing statutory remedy of summary proceedings which could have been taken away altogether without impairing the marketability of plaintiff's title.

In the circumstances there was no such incumbrance not specified in the contract which relieved the plaintiff of his obligation to perform the same, and a judgment in favor of defendant for the dismissal of the complaint upon the merits will be granted, but without costs.

ACTION on contract for purchase of real property.

*Jacob Rothenberg,* for plaintiff.

*Maurice Z. Bungard,* for defendant.

BENEDICT, J. This cause, having come on for trial, was submitted on an agreed statement of facts. The action was brought by the vendee in a contract for the purchase and sale of a parcel of real property, with a building containing three apartments erected thereon, to recover from the vendor the amount of the deposit made under the contract, amounting to $1,200 and $150, the expenses incurred for the examination of title, it being claimed by the plaintiff that the title tendered was unmarketable.

The contract was dated January 24, 1920, and title was to close on April 2, 1920. It was provided that the sale should be subject, among other things, to two leases on two flats, expiring about November, 1920. At the time of the contract there was a third tenant, not mentioned in the contract, in occupation of the other apartment, whose lease was to expire on April 1, 1920, the day preceding the date fixed for the closing of title.

Pending the contract, and on April 1, 1920, chapter 137 of the Laws of 1920 was passed and went into effect, whereby a court or judge sitting in a summary proceeding to dispossess a tenant holding over after the expiration of his term was authorized in his discretion and upon certain conditions to stay the execution of a warrant upon a final order in favor of the landlord for any period not to exceed one year.

The tenant in question did not remove on April 1, 1920, and closing of title was adjourned eventually until April 13, 1920. In the meantime the defendant instituted summary proceedings against such tenant, and a final order was made awarding possession of the

apartment occupied by him to the landlord, but the execution of the warrant was stayed until May 1, 1920.

Such being the situation on April thirteenth, the parties met, and defendant duly tendered a deed, which plaintiff refused to accept on account of the alleged incumbrance resulting from the occupancy of the said former tenant under the protection of such stay, and thereafter plaintiff commenced this action.

The question which I am required to determine is, therefore, whether under these circumstances there was an incumbrance on the premises not specified in the contract which relieved the plaintiff of his obligation to perform the same. I think that there was no such incumbrance. The former tenant, although obliged to pay for the use and occupation of a part of the premises during the continuance of the stay, was not a tenant properly speaking, because the relation between him and the owner was one created by law and not by contract. The statute did not create an incumbrance on the property; it merely modified in certain respects the existing statutory remedy of summary proceeding. This remedy could have been taken away altogether without impairing the marketability of plaintiff's title. *People ex rel. Durham Realty Corp.* v. *LaFetra*, 230 N. Y. 429, 440, 441; *Froehlich* v. *K. W. W. Holding Co., Inc.*, 116 Misc. Rep. 275, 279; affd., on opinion below, 201 App. Div. 855. The act affected equally all property in the city of New York and adjoining counties devoted to similar uses, and it was passed by the legislature in the exercise of the police power, to meet a special and peculiar emergency. The so-called zoning ordinance which imposes restrictions on the use of real property has been held not to constitute an incumbrance. *Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 N. Y. 313. It may be urged that the present case is distinguishable from the case last above cited and falls within the doctrine of the case of *Anderson* v. *Steinway & Sons*, 178 App. Div. 507; affd., 221 N. Y. 639, because in the former case the contract of purchase and sale was made after the enactment of the zoning ordinance, while here the statute in question was passed subsequent to the making of the contract. In the *Anderson* case considerable weight was given in the Appellate Division to the fact that the zoning ordinance was enacted between the date of the contract and the date set for the closing of title, but the Court of Appeals rested its affirmance upon the ground that such ordinance prevented the vendee from using the premises for a special purpose for which, to the knowledge of the vendor, the vendee was buying such premises and other contiguous premises. In the present case it does not appear that the vendee was buying the premises either for his own occupancy or for any other special purpose, and, hence,

I think the *Anderson* case is inapplicable. The case of *Froehlich* v. *K. W. W. Holding Co.*, *supra*, involves the question of the effect of the emergency housing legislation of 1920 on the right of a vendee to enforce specific performance of a contract for the sale of real property, and it was held, under the circumstances there disclosed, that such right was not affected. Although the case differs somewhat from the present case, it tends to support the proposition that such legislation did not burden the premises to which it applied with incumbrances.

I shall, therefore, give judgment for the defendant, dismissing the complaint on the merits, but without costs. Settle decision and judgment on notice.

BENEDICT, J. Since my memorandum herein directing judgment in favor of the defendant was filed on May thirty-first last (N. Y. L. J. June 1, 1922) I have read the opinion of the Appellate Division, first department, in *Urbis Realty Company* v. *Globe Realty Company*, handed down June third, last (not yet reported), which, it is claimed by the defendant herein, is directly contrary to my decision. The instant case is, however, clearly distinguishable from the case in the first department, because prior to the date to which closing of title was adjourned a final order in a summary proceeding had been granted against the former tenant whose occupancy was claimed to constitute an incumbrance. He was not, therefore, a tenant at the time of plaintiff's refusal to take title, and his occupancy under the stay of the warrant was not a tenancy. No such situation was presented in the first department case.

I have also noted on my former memorandum that the case of *Froehlich* v. *K. W. W. Holding Co.*, therein cited, was affirmed by the Appellate Division, second department, on the opinion below.

Decision and judgment in favor of defendant signed, and plaintiff's requests to find passed upon.

Judgment accordingly.