■ LUCILLE RYAN, Respondent, v. JOSEPH A. RYAN, Appellant.— Judgment insofar as it awarded custody of children to respondent unanimously reversed on the law and facts and otherwise judgment affirmed, without costs of this appeal to either party. Memorandum: Each party to this appeal sought a decree of separation from the other. Each was denied affirmative relief but custody of the two children of the marriage was awarded to the wife. This determination is the sole issue presented on the appeal. After much discord and several temporary separations the parties permanently separated in March, 1963 and the wife established a residence in Pennsylvania where she resided at the time of trial (Jan., 1964). Defendant at that time continued to reside in this State but has since obtained a divorce in a foreign State and now resides in Hawaii. At the time of trial one of the two children was residing with respondent in Pennsylvania. The other child was with his paternal grandmother in New Jersey. The trial court erroneously undertook to pass on the issue of custody without obtaining effective jurisdiction of either child. Early in the trial the wife on cross-examination made it clear that her Pennsylvania attorney had advised her " not to permit the child to come to Syracuse." The significance of this jurisdictional defect apparently escaped the trial court. The wife was immediately asked by counsel if the attorney in the foreign State did not want the child to come to the jurisdiction of this State and the court interjected that

"obviously (the wife) did not want (the child) to leave the jurisdiction of Pennsylvania." On the other hand the court was relentless in its efforts to compel the production of the other child in court. This infant had been in the custody of appellant since October, 1963 — the occasion of one of several suicide attempts on the part of respondent. At that time appellant brought the child to Syracuse from Pennsylvania with the apparent consent of the mother. At some unspecified date this infant had been placed with his grandmother in New Jersey. Thus, it appears that both parties persuaded the trial court to decide the issue of custody of the two children when each had moved the child in his or her possession outside of this State with the obvious intent of giving the court no more than theoretical jurisdiction. It is plain that neither intended to comply with a decree as to custody in the event of an adverse decision. In this posture of the case the court should have refused to decide the issue. In passing, it should be said that if we were required to review the issue of custody there is grave doubt that the decision of the trial court was correct. There is proof that on three occasions respondent attempted to take her life in a manner that if successful might have destroyed one or both of the children. The testimony of her psychiatrist taken as a whole presents a serious question as to her emotional stability to have custody of any child. Unfortunately, before hearing this testimony the trial court announced that appellant would not receive custody of either child. We find nothing in the record to justify this prejudging of the custody issue. We do not order a new trial as it appears that not only the children but the parties to the action are now residents of foreign States. (Appeal from judgment of Onondaga Trial Term, awarding custody of two children to plaintiff, dismissing complaint and counterclaim, and awarding plaintiff attorney's fees in a separation action.) Present — Williams, P. J., Bastow, Goldman and Del Vecchio, JJ.