-258

(No. C-74455—Decided September 15, 1975.)

*Ms. Helen M. Gradison,* for appellant.
*Mr. Jacob K. Stein* and *Mr. Gerald W. Simmons,* for appellee.

BUZZARD, J. The Hamilton County Court of Domestic Relations granted defendant's motion to dismiss plaintiff's complaint, which sought to modify and enforce the judgment of an Illinois court regarding visitation and child support ordered by that jurisdiction. Plaintiff appeals from such dismissal.

The controlling facts are as follows. The parties were divorced in Galesburg, Knox County, Illinois on January 15, 1973. The custody of the minor children, then five and seven years of age, were awarded to plaintiff and defendant was granted certain rights of visitation. The court permitted the mother to move to Cincinnati and to take the children with her.

Thereafter, defendant obtained a modification of the original custody and support order and the Illinois court found plaintiff in contempt in absentia. Plaintiff then filed her action in Hamilton County praying that the court modify the order of the Illinois court with respect to visita-

tion rights of defendant and to enforce the order for the support and maintenance of the children.

Thereafter, the matter came on to be heard on the motion for dismissal, at the conclusion of which the court sustained the motion and dismissed the case. The court stated at that time that the whole thing had to be governed by the Knox County (Illinois) court.

Plaintiff's single assignment of error reads:

"Appellant assigns as error the refusal of the lower court to entertain plaintiff's complaint and the granting by that court of defendant-appellee's motion to dismiss for lack of jurisdiction. As a matter of law, the Court of Domestic Relations of Hamilton County has jurisdiction over both the subject matter and of the persons of plaintiff-appellant and her children who are and have been residents of this county and jurisdiction since January 17, 1973. This forum is the proper forum in which to file plaintiff-appellant's complaint."

It appears that the sole ground for the dismissal was based on a lack of jurisdiction to entertain the plaintiff's action. The record shows that plaintiff and her children were domiciled in Cincinnati at the time the complaint was filed and at the time the Illinois court amended and modified its order for visitation. Accordingly, the Ohio court was not required to recognize the decree of the Illinois court with respect to the custody of the children, and was free to determine whether it was for the welfare and best interests of the children to give full faith and credit to the order of the Illinois court.

A case quite similar on the facts is the case of *Cunningham* v. *Cunningham* (1957), 166 Ohio St. 203. There, the parties were residents of California, and the divorce decree and custody order were handed down by the California court. The wife later moved to Ohio with the children. The husband then obtained an *ex parte* order from the California court allowing him certain visitation rights. When the wife denied such visitation, he came into Ohio and filed his action to enforce the order of the California court. The trial court refused to give full faith and credit to the order of the foreign court, and was affirmed by the Court of Ap-

peals and by the Supreme Court. The syllabus of the Supreme Court says:

(1) Where a minor child is properly domiciled in Ohio with a parent having legal custody thereof under a decree of a court of another state, the courts of this state are not required to accord full faith and credit to a subsequent modified custody decree of the court of such other state.

(2) Under such circumstances the primary consideration is the welfare of the minor child.

The most recent decision which we have found on this question is *Heiney* v. *Heiney* (1973), 40 Ohio App. 2d 571 (motion to certify overruled). The facts were similar to those in the instant case except that the domicile is reversed. There the court held that the Ohio court which had original jurisdiction does not have jurisdiction over residents domiciled in Oregon, where the wife and child then lived. The court said that the best interest of the child is the main concern, and the state in which the child is residing should be the one to make that determination.

As indicated earlier, this appeal goes only to the jurisdiction of the trial court to entertain this case. We do not pass upon the question of service of process. We therefore reverse the lower court and remand the case with instructions to accept jurisdiction of such case, and to proceed in a manner not inconsistent with this opinion.

*Judgment reversed.*

CRAWFORD, P. J., and REILLY, J., concur.

REILLY, J., of the Tenth Appellate District, sitting by designation in the First Appellate District.

CRAWFORD, P. J., retired, of the Second Appellate District, and BUZZARD, J., retired, of the Court of Common Peas of Columbiana County, assigned to active duty under authority of Section 6(C), Article IV, Constitution, in the First Appellate District.