■ KENNETH J. FORAN et al., Doing Business as WALL EQUIPMENT COMPANY, Respondent, v THE PEOPLE OF THE STATE OF NEW YORK et al., Defendants, and PUBLIC CONSTRUCTORS, INC., Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Plaintiffs instituted this action to recover money due for the rental of heavy construction equipment to defendant. The appeal presents only questions of fact as to the agreement between the parties and the reasonable rental value of the equipment. The trial court found upon sufficient evidence that appellant agreed to rent plaintiffs' equipment and, inasmuch as the equipment was not rented for a specified period but on an as needed basis, the court properly found that the use should be paid for on an hourly rather than a monthly basis. (Appeal from judgment of Onondaga Supreme Court—foreclose mechanic's lien.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ FRANK R. PARLATO et al., Respondents, v JOHN J. BONA, Appellant. —Judgment unanimously affirmed, with costs (Simons, J., not participating), for the reasons expressed in the opinion at Trial Term, Kane, J. Memorandum: We add that upon the signing of the contract the equitable interest in the property passed to defendant *(Moyer v Hinman,* 13 NY 180, 188; *People v De Goode,* 203 App Div 35, 36–37, affd 236 NY 613). Thereafter the risk of changed conditions fell upon him *(Schmidt v C. P. Bldrs.,* 36 AD2d 731; *Froehlich v K. W. W. Holding Co.,* 116 Misc 275, 278, affd on opn at Special Term, 201 App Div 855). (Appeal from judgment of Erie County Court— specific performance.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ LEWIS R. TRAMPERT, Respondent, v GAIL M. TRAMPERT, Appellant. —Order unanimously reversed, without costs, and matter remitted to Erie County Family Court in accordance with the following memorandum: Inasmuch as the infants involved in this proceeding are now physically present in the State, Family Court has personal jurisdiction and may rule on the matter of custody (see *Matter of Lang v Lang,* 9 AD2d 401, 406, affd 7 NY2d 1029; *Matter of Bachman v Mejias,* 1 NY2d 575, 580–581; and cf. *Ryan v Ryan,* 24 AD2d 531). It was error, however, for the court to change its prior order of custody in the mother and award custody to the father without a hearing to determine whether circumstances had so changed since the entry of its prior order that the best interests of the children required a modification *(Obey v Degling,* 37 NY2d 768; *Skakun v Skakun,* 11 AD2d 724). (Appeal from order of Erie County Family Court—custody.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.