■ In the Matter of WILLIAM DD, Appellant, v ROSE M. DD, Also Known as ROSE M. EE, or REGINA FF, Respondent.—Appeal from an order of the Family Court of Columbia County, entered May 10, 1976, which awarded custody of the infant child of the parties to respondent. The infant, Aaron, was born in August of 1971 and his parents, the parties in this proceeding, were married in December of 1972. The parties apparently separated early in 1974 and in March of 1974 petitioner took custody of the infant. Respondent contends that when she asked to have her son returned to her in the summer of 1974 she was told by petitioner's parents, with whom petitioner and the infant were living at the time, that they had legal custody of the infant and would not give him up. In September of 1975, petitioner began this proceeding to gain legal custody of the infant and custody was awarded to respondent. This appeal then ensued. Petitioner lives with a recently divorced woman and her two young children in a three-bedroom house, and pays the woman $15 a week to rent a bedroom which is shared by petitioner and the infant. Petitioner works six nights a week as a cook in a diner from 4:00 o'clock until 12:30 or 1:00 o'clock in the morning. While petitioner is at work, the infant is cared for by the divorcee, whom the infant apparently has come to look upon as another mother. The

respondent lives in a one-bedroom garden apartment with her daughter born after the parties separated but whom respondent claims was fathered by petitioner. Respondent is unemployed and receives welfare. The Probation Department investigated respondent and found that she could provide comfortable housing and otherwise properly care for the infant. The Family Court decided it would be in the best interests of the infant to award custody to respondent. Petitioner contends that the Family Court abused its discretion, as a matter of law, in awarding custody to respondent. Unless the trial court abuses its discretion or makes findings unsupported by the evidence, its determination as to what best serves the interests of the child should not be set aside *(People ex rel. James "HH" v Ethel "HH",* 49 AD2d 130). Based upon the facts presented in the record on this appeal, this court is of the opinion that the award of custody to respondent constituted a proper exercise of discretion. There is support in the record for the award and, therefore, it should not be disturbed. We have carefully considered the other arguments urged by petitioner and find them unpersuasive. Order affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.