■ RETA A. GROSS, Respondent, v JACK H. KELLERMAN, Appellant. (Appeal No. 1.)—Order unanimously reversed, without costs, and petition dismissed. Memorandum: Petitioner mother and respondent father were married in Tijuana, Mexico, on September 25, 1961. The marriage produced two children, now aged 16 and 14. On September 21, 1970 the Circuit Court of Fairfax County, Virginia, granted respondent a divorce and awarded him custody of the children. Petitioner was given visitation rights during school holidays and summer vacations. Respondent and the children remained domiciled in Virginia while petitioner remarried and resides with her

husband in Erie County. In August, 1976, while the children were in Erie County pursuant to petitioner's visitation rights, petitioner filed a petition and order to show cause with the Erie County Family Court under section 651 of the Family Court Act for custody of the children. At a proceeding held on August 17, 1976, respondent appeared specially through an attorney to contest the jurisdiction of the court. His attorney argued that the court should decline jurisdiction and that there was no change in circumstances that warranted a change in custody. The court decided to entertain jurisdiction. Thereafter, on December 15, 1976, a hearing was held at which respondent did not appear. After receiving testimony from both children, the court entered an order dated February 10, 1977, under which it awarded petitioner custody of the children and directed respondent to pay $100 per week child support. The court further directed the Air Force Accounting and Finance Center in Denver, Colorado to deduct $100 each week from respondent's retirement fund. On April 15, 1977 respondent obtained a show cause order staying enforcement of the February 10 custody and support order and requesting that the order be vacated on the ground that the court lacked jurisdiction. After a hearing, the court entered an order dated July 28, 1977 which reinstated its earlier award of custody and child support and, in addition, granted petitioner's application for $750 attorney's fees. It is from this order and the February 10, 1977 order that respondent appeals. The mere physical presence of a child in New York suffices to give our courts jurisdiction to determine custody (Matter of Nehra v Uhlar, 43 NY2d 242, 248; Matter of Anonymous, 92 Misc 2d 280, 282). Therefore, the presence of petitioner's children in New York gave the Family Court jurisdiction to determine custody although respondent had no other ties with the State and petitioner detained the children here at the end of a visitation period in violation of a Virginia custody decree (see Matter of Nehra v Uhlar, supra). Although the exercise of jurisdiction to determine custody was proper and, furthermore, New York need not give full faith and credit to custody decrees of other States (Obey v Degling, 37 NY2d 768, 770), a prior custody award made by a sister State should not be disturbed unless there has been an extraordinary change in circumstances which affects the health and welfare of the children (Matter of Nehra v Uhlar, supra, p 249; Obey v Degling, supra, p 770; Matter of NN v OO, 57 AD2d 653, 654; Trampert v Trampert, 55 AD2d 838). Particularly relevant on this issue of change of circumstances is evidence pertaining to the crucial matter of fitness of the custodian parent (Matter of Ebert v Ebert, 38 NY2d 700, Trampert v Trampert, supra; Doolittle v Doolittle, 35 AD2d 684). The record fails to reveal any extraordinary change of circumstances sufficient to warrant modification of the original Virginia custody decree awarding custody of the children to respondent. There is no evidence which shows that respondent is unfit to continue as the proper custodian. The desire of the children to stay with petitioner is the only evidence obtained from the hearing on this issue and, standing alone, does not amount to such an extraordinary change of circumstances to warrant the change of custody. The Court of Appeals has noted that "While a child's view should be considered to ascertain his attitude and to lead to relevant facts, it should not be determinative * * * The rearing of a child requires greater stability than a rollercoaster treatment of custody" (Dintruff v McGreevy, 34 NY2d 887, 888.) The children may have been influenced by the fact that they were with petitioner during times of vacation and with respondent during periods of schooling and responsibility. Also, the record reveals that the children harbor no animosity towards respondent. Since no extraordinary change in

circumstances has been shown, particularly in regards to the fitness of respondent, the award of custody must be reversed. Moreover, if there is any basis for a change in custody, the courts of Virginia are in a better position to make such determination since Virginia is the State with the closest contacts with this matter. The divorce was obtained and the original custody award made in Virginia, the children lived and went to school in Virginia and it is likely that evidence of respondent's fitness as custodian is more readily available in Virginia (see Domestic Relations Law, art 5-A, § 75-h, eff Sept. 1, 1978). Based upon our determination regarding the propriety of the custody award, the award of child support necessarily falls. Since the court had the authority to direct payment of attorney's fees (Domestic Relations Law, § 237, subd [b]), under the circumstances of this case, we affirm the award. (Appeal from order of Erie County Family Court —custody.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.