In re Potter et al.

(No. 329961—Decided May 8, 1978.)

Court of Common Pleas of Cuyahoga County, Juvenile Division.

*Mr. Robert M. Wurzman,* for petitioner.
*Mr. J. Hollingsworth,* for respondent.

Harris, J. This matter came on for hearing this tenth day of April, 1978, upon the complaint of plaintiff, Glen E. Potter, hereinafter referred to as "petitioner," and the evidence. Although no answer was filed, Karen Elizabeth Phillips, hereinafter referred to as "respondent," appeared personally with counsel for the hearing.

The action was initiated under Ohio's version of the "Uniform Child Custody Jurisdiction Act" enacted by the

18

Ohio General Assembly on June 30, 1977. It became effective on October 25, 1977.

This Act brings Ohio in line with the growing number of states attempting to cope with increasing interstate jurisdictional child-custody actions resulting from the increased mobility of our society. Parenthetically, the Act attempts to address one of the social manifestations of "Future Shock"!

Petitioner, Glen E. Potter and Karen Elizabeth (Dent) Phillips were married on August 28, 1965, in Denver, Colorado. Two children were born of this union, namely: Allen Warren Potter, born May 11, 1968, and Ann Michelle Potter, born November 17, 1969.

During their ten years of marriage, petitioner and respondent were highly mobile. Petitioner held different jobs that caused this mobility. They finally settled in Chapel Hill, North Carolina.

On November 4, 1976, respondent was granted an absolute divorce in the Orange County General Court of Justice, District Court Division. The judgment entry incorporated therein a separation agreement which granted custody of subject minor children to the respondent. Petitioner was granted reasonable visitation rights.

Respondent subsequently married Roger Phillips. She and her children lived with him in Chapel Hill for a while prior to their marriage. The evidence indicates that during this period, petitioner tacitly approved of this prenuptial conduct and believed Roger Phillips was a positive influence in the lives of his children in his absence.

Respondent is now separated from Roger Phillips alleging in trial that, though he is a fine person, he is mentally unstable. She intends to file a divorce action against him upon meeting the residency requirements of Colorado. She now lives in Denver with her parents. She is employed and intends to take an apartment if her children are returned to her.

Petitioner is presently married to Barbara Potter (nee Thompson). They are residents of Greater Cleveland, Ohio.

On or about January 30, 1978, petitioner went to Chapel Hill as a result of a telephone call and found that subject children were living temporarily in the home of a third party. Respondent and Roger Phillips were having serious marital difficulties.

Petitioner removed the children to Cleveland with respondent's permission. Respondent agreed that, for a temporary period, the children should live with their father until she made some decisions about her failing marriage. Petitioner agreed not to seek a change of custody and respondent agreed not to charge petitioner with unlawfully removing the children from North Carolina. According to this agreement, the children were to be returned to respondent when her situation became stable.

Petitioner and his current wife now provide a stable home for these children. They have purchased a new house to accommodate their family unit. They have no other children and are certain they can have none.

R. C. 2151.23(A)(2) sets forth the exclusive jurisdiction of the Juvenile Court to determine the custody of a child not the ward of another court of this state.

Section 2151.23(F), as amended, provides that "The Juvenile Court shall exercise its jurisdiction in child custody matters in accordance with Sections 3109.21 to 3109.36 of the Ohio Revised Code [The Uniform Custody Jurisdiction Act]."

This court has jurisdiction of the subject matter. Unquestionably, jurisdiction of all the parties is established. Petitioner is domiciled in Cuyahoga County, Ohio; subject children are currently living with petitioner; and respondent entered her appearance in person, represented by counsel.

However, should such jurisdiction be exercised and to what extent; or should it not be exercised? These are the questions! If not so exercised, should this court wash its hands of this case; thereby forcing the parties to journey to Orange County, North Carolina, to petition that court to enforce or modify its order? Or, is it nobler to seize jurisdiction and attempt to lay the matter to rest here; thereby

defending the overall judicial system against the slings and arrows of the outrageous misfortune of interstate child custody case proliferation?

R. C. 3109.26(B) provides as follows:

"Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state, the court may decline to exercise its jurisdiction, if this is just and proper under the circumstances."

The facts of this case are clearly within the operatives of this statute. Glen Potter, petitioner, has improperly retained subject children after obtaining their physical custody by an agreement with respondent that it would only be temporary. And, the evidence does not show respondent's present situation being detrimental to the best interests of these children.

It may be true that her past marital problems with Roger Phillips may not have been in these children's best interest. It may also be true that petitioner now provides for these children a more stable environment than respondent has in the past or can now. However, it is the considered opinion of this court that such is not enough to change the original North Carolina custody order within the meaning of the Uniform Child Custody Jurisdiction Act.

The mere showing by a petitioner who wrongfully retains custody that he provides a better or more stable environment for a child as opposed to the party granted custody under the original out of state decree does not per se meet the "best interest" standard set forth in the Uniform Child Custody Jurisdiction Act.

But simply to decline to exercise jurisdiction herein in accordance with R. C. 3109.26(A) would not be just and

proper under the circumstances. Such a simplistic ruling would necessitate further litigation in the North Carolina courts to either invest or divest petitioner of the physical custody he now holds. It is the considered opinion of this court that such continuing litigation would not be in the interest of these children or the parties.

Further, such a sterile ruling would encourage retention of children in violation of a valid decree, seize and run tactics and jurisdiction shopping. All of this would defeat the intent, purpose and spirit of the Uniform Child Custody Jurisdiction Act while conforming to its letters.

Therefore, this court holds that it shall not modify the custody decree of the Orange County, North Carolina, General Court of Justice, District Court Division, but hereby renders full faith, credit and certification thereto. See *Purcell* v. *Purcell* (1975), 47 Ohio App. 2d 258, 353 N. E. 2d 882.

However, in the best interest of the subject children, petitioner is hereby ordered to return said children to respondent at his full expense within 10 days after the closing of their current school semester.

Petitioner's complaint for permanent custody is denied.

*Complaint denied.*