OPINION OF THE COURT
Martha Gibbell, J.
This petition for visitation was filed by the maternal grandmother against the child’s father. The child’s mother is deceased.
A temporary order of visitation was entered by a Judge of this court and is being appealed by respondent.
The only issue in the motion before this court is whether the Family Court has jurisdiction to continue this case since the child is presently residing in New Jersey.
*339 Respondent in his memorandum of law cites the treatise, New York Civil Practice, which states that: "The courts have long considered the child’s physical presence in the state as a major jurisdictional facet of custody visitation matters (12 Zett-Edmonds-Buttrey-Kaufman, NY Civ Prac, § 13.02).
Respondent goes on to cite the case of Matter of Schiller v Elliott (31 AD2d 612) to support his contention. In that case petitioner mother resided in New Jersey. The child resided in New Jersey. Petitioner argued that the court had jurisdiction based upon the fact that respondent’s place of employment was in New York. The Appellate Division, First Department, held (p 613) that the New York courts did not have jurisdiction since section 70 of the Domestic Relations Law premised jurisdiction upon "the residence of the minor within the State.”
Respondent also cites Trampert v Trampert (55 AD2d 838). In that case, the Appellate Division, Fourth Department, reached a similar conclusion and held that there was no jurisdiction in a case where both parents reside in the State and the child resides outside of New York.
Matter of Schiller v Elliott (supra) is not on point since in the present case both parties reside in the State. Trampert v Trampert (supra), which has similar facts as the present case, has been overruled by People ex rel. Satti v Satti (55 AD2d 149, affd 43 NY2d 671).
In the Satti case both parents resided in New York while the child resided in Pakistan. The Appellate Division, First Department, ruled that jurisdiction is established whenever the court has in personam jurisdiction over the parties. Although jurisdiction was obtained by virtue of the equity powers of the New York Supreme Court rather than section 70 of the Domestic Relations Law, this court must take under consideration that although the Family Court Judges do not usually have equity powers, subdivision (b) of section 651 of the Family Court Act states: "When initiated in the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, proceedings brought by petition and order to show cause, for the determination of the custody of minors.” (Emphasis added.)
By the use of this language the Legislature has given the Family Court, a court of limited jurisdiction, powers of equity *340 similar in nature of those possessed by the Supreme Court when determining the custody of minors.
There is no question as to whether a grandparent has the statutory right to petition the court for visitation of a grandchild. Section 72 of the Domestic Relations Law gives grandparents this right.
For the above reasons this court finds that it does have jurisdiction to determine the issue of visitation. Although People ex rel. Satti v Satti (supra) was not a Family Court case, the Family Court’s jurisdiction is based upon its equitable powers derived from subdivision (b) of section 651 of the Family Court Act.
The motion to dismiss this petition is hereby denied.