■ In the Matter of GEORGE FERGUSON, Respondent, v RHODA CODDINGTON, Appellant. — Appeal from an order of the Family Court of Ulster County, entered January 8, 1980, which granted petitioner's application for custody of his daughter. The parties were married in August, 1971, and a daughter Lovisa was born on June 17, 1972. By judgment dated May 7, 1973, the parties were divorced and custody of the child was awarded to the respondent mother. On May 2, 1979, petitioner commenced a proceeding in Family

Court, Ulster County, seeking to modify the original award. He alleged that respondent's recent behavioral pattern, including her failure to procure medical treatment for the child's scalp disorder, constituted an extraordinary change of circumstances, and, consequently, the child's interests would best be served if petitioner were awarded custodial rights. The Family Court, following extensive hearings, agreed with petitioner and awarded permanent custody of the child to him. The court concluded that the evidence adduced during the proceeding clearly indicated that respondent's insouciant attitude toward her daughter's health and her failure to obtain medical attention for a severe fungus infection of the child's scalp were sufficient circumstances warranting transfer of custody of the child to petitioner. This appeal ensued. Respondent contends that the record does not support the Family Court's finding of changed circumstances requiring the transfer of custody from respondent to petitioner. We disagree. It is well established that the best interests of the child is the overriding principle which governs in the adjudication of custody (Domestic Relations Law, § 70). It is clear from the record that the court assiduously adhered to the applicable statutory standard in awarding a change of custody. On April 28, 1979, while petitioner was with his daughter during a regularly scheduled visitation period, he readily discovered a two-inch wide bald spot on the crown of her head. He immediately brought her to the Kingston Hospital emergency room. The child's condition was ultimately diagnosed as a fungal infection with superinfected impetigo including a large scalp lesion and pustular scaling. Expert testimony at the hearing indicated that adequate medical treatment was long overdue. Lynn Davis, a caseworker for the Ulster County Department of Social Services, Child Welfare Unit, investigated an allegation of medical neglect reported by the attending physician at the emergency room. Based upon her visits to respondent's home on various occasions, she testified that respondent failed to take any meaningful action to help remedy her child's disorder until May 11, 1979. Even after May 11, 1979, the record indicates that respondent's concern in eradicating the child's physical ailment was minimal. While we are cognizant of the high priority that should be accorded the original custody award (Matter of Nehra v Uhlar, 43 NY2d 242, 251), we refuse to inexorably enforce such an award where, as here, there has been a sufficient change of circumstances indicating that the continuance of custody by the original custodial parent would subvert the best interests of the child. "Particularly relevant on this issue of change of circumstances is evidence pertaining to the crucial matter of fitness of the custodian parent" (Gross v Kellerman, 62 AD2d 1149, 1150). There is sufficient evidence in this record to show that the child will be harmed by remaining with respondent. In addition to respondent's failure to obtain adequate medical relief for the child's fungus infection, the record also discloses that respondent cannot account for red dye in the child's hair, nor for the various pinch marks inflicted on the child's body. Other evidence also indicates that respondent's house, and particularly the child's bedroom, was without adequate heat during winter months. These undisputed factual findings persuade us to the view that the trial court did not abuse its discretion in ordering a change in custody. Accordingly, its determination as to what best serves the interests of the child should not be disturbed (Matter of William DD. v Rose M. DD., 55 AD2d 976, 977). The award of custody to petitioner constituted a proper exercise of discretion. Order affirmed, without costs. Mahoney, P.J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.