## CIRCUIT COURT OF THE CITY OF NORFOLK

Betty Ann Dalot

    v.

Richard Leon Dalot

April 9, 1982

Case No. C81-506

By JUDGE EDWARD L. RYAN, JR.

The Uniform Child Custody Jurisdiction Act must be considered as remedial in nature. Annot. "Validity, Construction, and Application of U.C.C.J.A.," 96 A.L.R.3d 968. Remedial acts should be liberally construed. 17 M.J., *Statutes*, § 72. "A uniform law which is remedial in nature should be liberally construed." 73 Am. Jur. 2d, *Statutes*, § 338.

The evidence shows clearly and conclusively that the "closest connection" of all parties concerned is with the State of Maine. Under the facts and Code § 20-126, Subsection 1, Maine was and is the "home state" of the child for jurisdictional purposes. Under Subsection C of § 20-126 the "Physical presence of the child, while desireable, is not a prerequisite for jurisdiction to determine custody." So, the wife's removal of the child from Maine does not affect this concept. In any event, all of the absences from Maine were made, at least initially, on a temporary basis, and "Periods of temporary absence of any of the named persons (child and parents) are counted as part of the six-month" period mentioned in the definition of "home state." § 20-125, Subsection 5.

The prime purpose of the Uniform Act is to limit jurisdiction and thus prevent piecemeal determination

of issues by separate Courts, "emphasis often being placed by the Courts upon the Act's purposes of protecting the interests of children and promoting the stability of their home environment notwithstanding their parents' movement from one state to another." Annot. *supra* p. 976.

The Court concludes that the wife violated the provisions of § 20-131 ("Jurisdiction declined by reason of conduct.") when she removed the child from the State of Maine.

*Re Porter*, 377 N.E.2d 536 (Ohio 1978), stands for the proposition and holds that the "mere showing by a parent, who has wrongfully retained custody of his children after a temporary relinquishment by their mother who had been granted their custody in a previous out of state decree, that he can provide a better or more stable environment for the children does not per se meet the 'best interests' standard needed for the Court to assert jurisdiction. Therefore, the original custody decree of the sister state is to be given full faith and credit and the children returned to their mother at the earliest appropriate time." (Syllabus, 42 Am. Jur. 2d, *Infants*, Section 40, p. 20, of 1981 Supp.)

Once the jurisdiction attached to the State of Maine it should continue with the case with sole and undisturbed jurisdiction. All of the parties are citizens of Maine and should not be heard to complain of the Courts of their "home state" or should not be reluctant to litigate in their own Courts. The wife complained of the husband's life-style and the shabbiness of his residence in the Virginia proceeding, while ignoring the notice and invitation she received to contest the custody issue in the Maine Court when it came on for a hearing. Maine has the jurisdiction and is better situated than the Virginia court to investigate the fitness of the parents to claim custody. *Gross* v. *Kellerman*, 404 N.Y.S.2d 178 (4th Dept. 1978) (N.Y. ceding jurisdiction to Virginia). Whenever the wife took off from home on one of her absences, and it served her purposes to do so, she freely and frequently deposited the child in the husband's residence apparently without pause or reluctance. She painted a dread picture of the living conditions in husband's residence *in the Virginia Court*, but this Court concludes that the language and clear spirit of the Uniform Act dictates that she should contest fitness in the Maine Court.

This Court also concludes that its jurisdiction should be declined under Code § 20-130 (inconvenient forum), having taken into account the following factors:

1. Maine is the child's home state.
2. Maine has a closer connection with the child and its family.
3. Substantial evidence concerning the child's present or future care, protection, training, and personal relationship is more readily available in Maine.

The Court assumes that counsel for the husband will pursue, by proper order, the other corrective remedies and procedures outlined in the U.C.C.J.A.