OPINION OF THE COURT
Elrich A. Eastman, J.
Petitioner seeks to modify a California court’s order granting respondent custody of their child. Moreover, she seeks equitable relief to prevent removal of the child from her home pendente lite.
Petitioner and respondent were married in California on October 26,1975. Their daughter was born on January 29, 1977. Marital problems arose which led to a trial separation in 1977. Petitioner and child came to New York, and respondent subsequently joined them in December of 1977 for approximately a six-week period before returning to California.[1] In 1978,[2] petitioner and child returned to California and remained until May of 1979. Thereafter, they have continuously resided in New York.
*265 On May 7, 1980, the Superior Court of California, Orange County, awarded custody of the child to petitioner in an interlocutory judgment of divorce, incorporating a stipulation of the parties. This judgment contained provision for reasonable visitation by respondent. It became final on September 2, 1980.
Problems arose as to visitation which eventually resulted in respondent’s initiation of an action on August 26, 1981, in the Superior Court of California, Orange County, to enforce his visitation rights or in the alternative to obtain a change of custody. Petitioner personally appeared and challenged the jurisdiction of the court. However, under the court’s direction, an effort was made to settle visitation. Petitioner alleges that the child’s severe emotional reaction to the prospect of visitation with her father prompted petitioner’s discontinuing such attempts. She returned to New York.
On April 6, 1982, with petitioner in apparent default (she alleges that she was ill with a pelvic inflammatory disease and chicken pox), the Honorable Kack K. Mandel, Superior Court of California, Orange County, at inquest, granted a change of custody to the respondent. On May 3, 1982, petitioner initiated the petition before this court.
At issue is whether this court has jurisdiction to entertain a custody/visitation petition notwithstanding the recent exercise of jurisdiction by the California court.
To answer this question, recourse must first be made to the newly enacted Federal Parental Kidnaping Prevention Act (PKPA) (US Code, tit 28, § 1738A).[3] Noted in Matter of Leslie L. F. v Constance F. (110 Misc 2d 86, 88), where a question of jurisdiction arose between this court and a California court, is the following: “This proceeding is at its threshold governed by the sweeping changes wrought by the PKPA which enunciates an avowed purpose ‘to establish national standards under which the courts * * * will determine their jurisdiction to decide such [custody] disputes and the effect to be given by each such jurisdiction to such decisions by the courts of other such jurisdictions.’ (94 US Stat 3569.)”
*266 There, the court held the PKPA requires that full faith and credit be given child custody determinations made by the courts of sister States when they are consistent with the provisions of section 1738A of title 28 of the United States Code. Modification is permitted only in compliance with subdivision (f).[4] As such, any action by New York, in the instant case, is permissible only if New York has jurisdiction to make a custody determination and California no longer has jurisdiction. Under the PKPA (US Code, tit 28, § 1738A),
“(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c) (1) of this section continues to be met and such State remains the residence' of the child or of any contestant.”
“(c) * * * (1) such court has jurisdiction under the law of such State”.
Using the analysis of California law in Leslie L. F. (supra), this court finds California did not have jurisdiction to modify custody on April 6, 1982. No jurisdictional predicate existed under the Uniform Child Custody Jurisdiction Act (UCCJA) as adopted by California. However, under section 75-d of the Domestic Relations Law (the UCCJA as adopted by New York),[5] and the criteria of *267 the PKPA,[6] New York has jurisdiction being the “home state” of the child.
Since New York is the child’s home State and California lacks present jurisdiction over the matter, this court may act on the issues of custody/visitation.
Though the Superior Court of California’s change of custody on April 6, 1982 was without jurisdiction, its original award of custody in its September 2, 1980 judgment of divorce warrants recognition under the UCCJA as adopted in New York. Therefore, in the interest of judicial economy this petition shall be deemed a request for modification of that judgment. The conditions of section 75-o of *268 the Domestic Relations Law[7] under which New York may modify a commodity decree of a sister State have been met in the instant proceeding. California no longer has jurisdiction (subd 1, par [1]), and New York does (subd 1, par [2]).
Moreover, the court finds the allegations contained in the petition and supporting papers sufficient to warrant its exercising jurisdiction on an “emergency” basis to protect the child as provided for in section 75-d (subd 1, par [c]) of the Domestic Relations Law.
Upon a finding of jurisdiction to entertain this matter, this court also finds it has equitable powers to grant the temporary restraining order sought by petitioner (see Matter of Louise G. v Peter C., 97 Misc 2d 338).
wherefore, it is hereby
ordered, that respondent is to refrain from interfering with petitioner’s custody of their child, pendente lite, and all visitation rights are suspended pending a full hearing on the merits; it is further
ordered, that the matter is hereby set down for a hearing on the 29th day of November, 1982, at 9:30 a.m., or soon thereafter at Part V, Family Court, 60 Lafayette Street, New York, New York 10013.

. Petitioner’s and respondent’s papers contradict one another as to specific dates, however, both are in agreement that petitioner and child have resided in New York since May, 1979.

. Ibid.

. The statute contains no precondition there be a wrongdoing or kidnapping for the PKPA to be operable. (Matter of Diane W. v Norman W., 112 Misc 2d 114.)

. A court of a State may modify a determination of the custody of the same child made by a court of another State, if
“(1) it has jurisdiction to make such a child custody determination; and
“(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.” (US Code, tit 28, § 1738A, subd f.)

. “1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree only when:
“(a) this state (i) is the home state of the child at the time of commencement of the custody proceeding, or (ii) had been the child’s home state within six months before commencement of such proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
“(b) it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child’s present or future care, protection, training, and personal relationships; or
*267 “(c) the child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child; or
“(d) (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), (b) or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
“2. Except under paragraphs (c) and (d) of subdivision one of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
“3. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.”

. “(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if —
• “(1) such court has jurisdiction under the law of such State; and
“(2) one of the following conditions is met:
“(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child’s home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;
“(B) (i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child’s present or future care, protection, training, and personal relationships;
“(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;
“(D) (i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or
“(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.”

. “1. If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this article or has declined to assume jurisdiction to modify the decree and (2) the court of this state has jurisdiction.
“(2) If a court of this state is authorized under subdivision one of this section and section seventy-five-i of this article to modify a custody decree of another state, it shall give due consideration to the transcript of the record and other documents of all previous proceedings submitted to it in accordance with section seventy-five-v of this article.”