■ In the Matter of GEORGE SCHILLER, Respondent, v. PAUL ELLIOT, Appellant.— Order entered April 16, 1968, herein appealed from, which denied appellant's motion to dismiss the petition, reversed on the law and the motion to dismiss is granted, without costs to either party. The petitioner, maternal grandfather of the infant, brought this proceeding for an order pursuant to section 72 of the Domestic Relations Law, to enforce visitation rights with the five-year-old son of his deceased daughter. The infant presently resides with his father and paternal grandmother in New Jersey, though respondent, the father of the infant, is employed in New York. The record indicates that petitioner and his wife are devoted to the child and also have been very

generous in material expressions of affection. Respondent refused to permit visitation by petitioner and moved to New Jersey with the infant, apparently to prevent visitation. Section 72 of the Domestic Relations Law, entitled "Habeas corpus to obtain visitation rights in respect to certain infant grandchildren" provides, in pertinent part: "Where either or both of the parents of a minor child, *residing within this state,* is or are deceased, a grandparent or the grandparents of such child, who is or are the parents of such deceased parent or parents, may apply to the supreme court for a writ of habeas corpus to have such child brought before the court" (emphasis supplied). According to the plain language of the statute jurisdiction is premised upon the residence of the minor within the State. The statute which conferred the legal right to apply for the writ could reasonably condition its exercise upon the existence of a particular jurisdictional requirement. When section 70 of the Domestic Relations Law, which deals with habeas corpus with respect to a child detained by a parent, was amended (see L. 1964, ch. 564) it stated as "the only condition necessary to jurisdiction:— presence of the child" (see McKinney's 1964 Sessions Laws of N. Y., p. 1880). If such condition exists with respect to a parent, it would appear that no lesser condition would obtain with respect to a grandparent and the Legislature has so provided. Concur — Stevens, J. P., Rabin and McNally, JJ.; Capozzoli, J., dissents in the following dissenting memorandum. In addition to any statutory powers which our courts are given in relation to children, they have the inherent power of inquiring into and deciding what is best for a child when that question is properly before them. And, I submit, that since the respondent is now properly before the court, he should be made to answer the allegations in the petition which raise the question of emotional disturbance of the child, amongst others. I doubt that the Legislature intended to take this power away from the courts. The question is squarely presented as to whether the best interests and welfare of the child are affected adversely by the abrupt change which results in depriving the child of the love, affection and companionship which the grandparents have always displayed toward him. The interests of justice will be served if a hearing is held so as to determine exactly what the relations of the child have been to his grandparents heretofore and whether the abrupt change does affect his welfare. Therefore, I vote to affirm.