THE PEOPLE OF THE STATE OF NEW YORK ex rel. KRIS SATTI, on Behalf of KARIM K. SATTI, Respondent, v ANIS K. SATTI, Appellant.

First Department, December 21, 1976

*Joel S. Stern* of counsel *(Netter Dowd Ness Alfieri & Stern,* attorneys), for appellant.

*Norman Perlman* for respondent.

SILVERMAN, J. This is a habeas corpus proceeding by petitioner (wife and mother) against her husband for the custody of the child of the parties. Respondent husband, the father of the child, moved to dismiss the petition for lack of jurisdiction, claiming that both the child and the father are domiciliaries, residents, and citizens of Pakistan. Special Term denied the motion and respondent father appeals. We think the order should be affirmed and that the courts of this State should retain jurisdiction to determine the question of custody.

The objection to jurisdiction rests primarily on the opening clause of section 70 of the Domestic Relations Law regulating habeas corpus proceedings as between parents with respect to the custody of their children. That opening clause is "[w]here a minor child is residing within this state". The appellant, the father, contends that the child is not residing within the State. We think that at least for the purposes of this statute the child is a resident of this State, albeit the child may also be a resident of Pakistan. The term "residing within this state" must be read in the context of the statute relating to the instances in which the courts of this State should pass on

the custody of children. In that context, it is extremely relevant whether the child has such a relationship with this State as to make it just and sensible that the courts of this State should rule on the custody of the child.

The child in this case is now two years old. Accordingly, the child's intent is nonexistent. (Cf. *Matter of Thorne,* 240 NY 444, 450 [1925].) The residence of an infant "may be the residence either of the father or the mother." (P 449.)

In the present case, the father is concededly a citizen of Pakistan; Pakistan is also the country of his birth. His parents and other blood relatives live in Pakistan and the father claims that Pakistan is his residence. However, for the last 15 years the father has lived in New York; he has a job with a corporation with offices and headquarters in New York; he has an apartment in New York; his car is registered in New York. He attended Colgate University in this State. Such married life as he has had with petitioner has been largely in New York.

Petitioner wife is a citizen, domiciliary, and resident of New York. The parties were married on January 1, 1974 in Pakistan according to the rites of the Islamic religion. They then returned to New York and resided here. The infant was born in New York on September 18, 1974. The child thus apparently has dual nationality, United States and Pakistan. When the child was about two months old, the parties went to Pakistan with the child for a visit. They returned to the United States the following month, in December, 1974, but the child was left with the grandparents in Pakistan. The circumstances of the child's remaining in Pakistan and whether the child remained there with the mother's consent or over her objections, are disputed. The mother made several additional visits to Pakistan and the circumstances of those visits are disputed. The mother resides in New York and is physically present here.

Bearing in mind the very real connection of the parents and the child with New York, and the fact that both parents are here, we think that even if the child be deemed a resident of Pakistan, he is also a resident of New York. Indeed, it might be suggested that the child's residence in New York is at least as substantial as the husband's residence in Pakistan.

Furthermore, section 70 of the Domestic Relations Law defining habeas corpus jurisdiction is not the only source of the power of the New York courts to adjudicate the custody of

an infant. As stated by Judge CARDOZO in *Finlay v Finlay* (240 NY 429, 432-433 [1925]): "The plaintiff argues that habeas corpus is denied to him by section 70 of the Domestic Relations Law, since he is not an inhabitant of the State. * * * We do not need to determine whether there is to-day a remedy by habeas corpus available to either spouse irrespective of the statute. * * * If we were to assume with the plaintiff that the writ has been denied to him, there would remain his remedy by petition to the chancellor or to the court that has succeeded to the chancellor's prerogative. * * * Nothing in the habeas corpus act affects that jurisdiction, inherent in courts of equity, or changes or diminishes the remedy available."

CPLR 103 (subd [c]) provides: "If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution." Thus the fact that the proceeding is, in form, brought as habeas corpus does not prevent the court from exercising its equity powers as if the proceeding had been instituted by petition in equity.

The New York courts may exercise jurisdiction because they have control over and in personam jurisdiction of the two parties, one of whom has control of the infant. This court said in *May v May* (233 App Div 519, 520 [1931]): "It is true that where both parties are before the court, custody of a child or children without the jurisdiction may be made. That, however, may be done merely because the parties are personally before the court, which, by virtue of its control over such persons, may enforce its commands with respect to each." Especially is this true where, as here, there is no suggestion that the child is being mistreated, so that this court would not have to inquire closely into the circumstances, physical surroundings, etc., in which the child is being kept in Pakistan. The real dispute is between the parents, and the real question is what, if any, custody or contacts the mother should have with the child (and conversely, of course, the child with the mother). And the parents, the real disputants, are before the court.

The language in some of the cases with respect to the necessity of the physical presence of the child in the State (e.g., *People ex rel. Winston v Winston,* 31 App Div 121, 124 [1898]; and *Matter of Schiller v Elliot,* 31 AD2d 612, 613 [1968], affd 25 NY2d 949 [1969]) must be read in the factual context of those cases, and so read, we think the fair meaning

is merely that while physical presence of the child in the State may be a sufficient ground for jurisdiction, there is no jurisdiction where there is neither physical presence nor any other basis for jurisdiction. (Cf. *May v May*, 233 App Div, at p 520, *supra.)*

There is a cross appeal by the wife apparently from the failure of the Special Term to order a body attachment against the husband for failure to produce the child. It is by no means clear whether that cross appeal has been perfected. And we cannot say that the father was unreasonable in not bringing a two-year-old child halfway around the world to await a determination by the court whether it would exercise jurisdiction.

Although the point has not been suggested by either party, it appears upon further consideration that no appeal lies from an intermediate order in a habeas corpus proceeding (CPLR 7011; *People ex rel. Duryee v Duryee*, 188 NY 440 [1907]; *People ex rel. Behar v Behar*, 8 AD2d 958 [1959]; *State ex rel. Wallace v Lhotan*, 48 AD2d 665 [1975]; *People ex rel. Williams v Windham Child Care*, 55 AD2d 146 [1st Dept 1976]). To the extent thus that this proceeding is a habeas corpus proceeding, it is our duty to dismiss the appeal and the cross appeal. We note that the objection to jurisdiction of the proceeding rests largely on a provision of section 70 of the Domestic Relations Law relating to habeas corpus proceedings. But as we have considered the case not only as a habeas corpus proceeding but also as a petition in equity, we deem it more appropriate to affirm insofar as the proceeding may be deemed a petition in equity.

Insofar as the proceeding may be deemed a habeas corpus proceeding, the appeal and the cross appeal should be dismissed. Insofar as it may be deemed a petition in equity, the order appealed from should be affirmed, with costs to petitioner.

STEVENS, P. J., MARKEWICH, KUPFERMAN and MURPHY, JJ., concur.

Insofar as the proceeding may be deemed a habeas corpus proceeding, the appeal and purported cross appeal are unanimously dismissed and, insofar as the proceeding may be deemed a petition in equity, the order of the Supreme Court, New York County, entered on June 28, 1976 is unanimously affirmed. Petitioner-respondent shall recover of respondent-

appellant $60 costs and disbursements of this appeal. The order of this court entered on November 4, 1976 is vacated, and the opinion filed therewith recalled.