(March 25, 1985)

■ LAWRENCE R. BAILEY, SR., Appellant, v CLIFTON TOWNS, Respondent. — Order of the Supreme Court, Queens County (Kunzeman, J.), entered June 19, 1984, affirmed, insofar as appealed from, with costs (*see, e.g., Altman v Wallach*, 104 AD2d 391). Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.

■ JOHANNA BECKER, Appellant, v TOSHIKO WATANABE, Respondent. — In a proceeding pursuant to Family Court Act article 6 for the award of visitation rights, petitioner appeals from an order of the Family Court, Suffolk County (Abrams, J.), entered January 4, 1984, which dismissed the petition, without prejudice, for lack of jurisdiction.

Order affirmed, without costs or disbursements.

It is apparent from a thorough review of the papers submitted on this appeal that petitioner has failed to establish any facts to support her contention that the Family Court has jurisdiction to decide her petition for an award of visitation rights with respect to her granddaughter. The facts clearly show that the respondent mother and her daughter moved to California several years ago and have had minimal contact with either petitioner or the child's father. Moreover, it appears that neither respondent nor the child has had even the slightest contact with the State of New York since 1980. Under such circumstances, there exists no legislative or judicial basis for the exercise of jurisdiction by the Family Court. It is clear that such jurisdiction exists when the child is physically present within the State (*see,* Domestic Relations Law § 72; *Matter of Schiller v Elliot,* 31 AD2d 612, *affd* 25 NY2d 949). Jurisdiction may even be found to exist where the child is not so present, but where the court has in personam jurisdiction over the parties to the proceeding and a close connection between the child and the State of New York can be established (*see, People ex rel. Satti v Satti,* 55 AD2d 149, *affd* 43 NY2d 671; *Matter of Louise G. v Peter C.,* 97 Misc 2d 338). However, jurisdiction to entertain a visitation proceeding cannot be predicated solely upon the mere presence of the petitioner within the State. We therefore find that the Family Court properly dismissed the petition. Gibbons, J. P., Weinstein, Brown and Niehoff, JJ., concur.