■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TRUDY K. STOVER, Individually and on Behalf of ROBERT J. STOVER, III, an Infant, Respondent, v ROBERT J. STOVER, II, Appellant. (Proceeding No. 1.) In the Matter of ROBERT J. STOVER, II, Appellant, v TRUDY K. STOVER, Respondent. (Proceeding No. 2.)—Main, J. Appeal from an order of the Family Court of Columbia County (Zittell, J.), entered February 15, 1985, which sustained the mother's petition for habeas corpus,

thereby continuing temporary custody of the parties' child with the mother as ordered by the Georgia Superior Court, and dismissed the father's petition for custody.

On December 20, 1981, a son was born to the parties who were married and living in Savannah, Georgia, where the father was stationed for military duty. In February 1982, the father was transferred to Germany and the mother and son joined him shortly thereafter. By the spring of 1984, marital difficulties had developed and a separation agreement was prepared by a member of Judge Advocate General Corps. This agreement provided, *inter alia,* that the father was to have exclusive custody of the child and that Georgia law was to apply with respect to the separation agreement. In May 1984, the mother returned to Georgia and, in August 1984, the father took up residence in Columbia County.

In December 1984, the mother commenced an action in Georgia Superior Court for divorce and custody of the child. The father apparently by special appearance, objected to the Georgia court's jurisdiction, but the court concluded that it had jurisdiction to determine custody under the Uniform Child Custody Jurisdiction Act (UCCJA) (Domestic Relations Law art 5-A) and awarded temporary custody of the child to the mother. The father, claiming jurisdiction on the ground that he and the child had resided in Columbia County continually since August 1984, commenced a proceeding for custody in Columbia County Family Court on January 9, 1985. The mother then served a writ of habeas corpus seeking custody of the child as directed by the Georgia Superior Court. Family Court sustained the writ of habeas corpus and dismissed the father's custody petition. From the order entered thereon, which has been stayed pending appeal, this appeal by the father ensued.

We affirm. Pursuant to Domestic Relations Law § 75-g (1): "A court of this state shall not exercise its jurisdiction under this article if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this article". It appears that the Georgia Superior Court action was pending at the time the father's petition was filed inasmuch as that court's order granted only temporary custody. It further appears that the Georgia court was " 'exercising jurisdiction substantially in conformity' with" Domestic Relations Law article 5-A (*see, Vanneck v Vanneck,* 49 NY2d 602, 610). The Georgia court noted in its decision that its exercise of jurisdiction was based on the facts that (a)

the mother and child had significant connection with Georgia and there was available in Georgia substantial evidence concerning the child's present or future care, protection, training and personal relationships, and (b) it appeared that no other State had jurisdiction under the UCCJA. These bases of jurisdiction are consistent with Domestic Relations Law article 5-A (see, Domestic Relations Law § 75-d [1] [b], [d]). For example, the record reveals that the parties were married in Georgia, the child was born in Georgia, and all three persons have resided in Georgia as recently as 1982. Furthermore, pursuant to the separation agreement, Georgia law was to apply. Additionally, there are allegations, supported in the record, that the father sexually abused the mother's daughter from a previous marriage and that the daughter resides in Georgia. Thus, there are significant connections with Georgia as well as substantial evidence concerning the child's present or future welfare in Georgia, concerns which are consistent with Domestic Relations Law § 75-d (1) (b).

The record also reveals that at the time the mother filed for custody in Georgia on December 21, 1984, no other State, including New York, would have had jurisdiction over this issue under the UCCJA. New York was not the home State of the child as of that date because he had not yet resided within this State for at least six consecutive months (see, Domestic Relations Law § 75-c [5]). Moreover, at the time that the Georgia custody proceeding was commenced, New York could not have gained jurisdiction over the child based on significant connections with this State for the child's only contact with New York as of that time was physical residence in this State for about four months. Jurisdiction based solely on physical presence of the child is, for the most part, prohibited (Domestic Relations Law § 75-d [2]). There is also no evidence of abandonment or an emergency in this State sufficient to trigger jurisdiction under Domestic Relations Law § 75-d (1) (c). With these facts prevailing, it is evident that New York could not have gained jurisdiction under the UCCJA when the Georgia action was commenced and that the Georgia court exercised jurisdiction in a manner consistent with Domestic Relations Law § 75-d (1) (d). Thus, when the father's petition for custody was filed, a proceeding concerning the custody of the child was pending in the court of another State which was exercising jurisdiction substantially in conformity with Domestic Relations Law article 5-A. Accordingly, Family Court properly sustained the writ of habeas corpus and declined to exercise jurisdiction over the father's custody petition.

We note that the mother may have absconded to Georgia with the child during the pendency of this appeal in direct contravention of the stay pending appeal. Such action cannot be condoned and is condemned in the strongest terms. It is precisely such unilateral child abductions which the UCCJA is designed to prevent. We are reluctant, however, to punish the mother since the record is not fully developed on this point. Without a fully developed record, action on our part would be inappropriate.

Order affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.