■ In the Matter of DOUGLAS PIERSON et al., Appellants. JERRY HARLOW et al., Respondents.—In a proceeding pursuant to Domestic Relations Law § 72 to obtain visitation with the petitioners' granddaughter, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), dated April 18, 1985, as, upon granting visitation, imposed a restriction that the visits may not occur outside Westchester County without the respondent Jerry Harlow's consent.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and matter remitted to Supreme Court, Westchester County, for further proceedings in accordance herewith.

The hearing court premised its decision to limit visits by the grandparents to Westchester County on a mistaken belief that, as a matter of law, it lacked the authority to permit visitation outside this State. Once the Supreme Court or Family Court has properly acquired jurisdiction over the parties based on sufficient contacts with this State (Domestic Relations Law § 72; *Becker v Watanabe,* 109 AD2d 861), it is empowered to make any appropriate order with regard to custody or visitation *(Lo Presti v Lo Presti,* 40 NY2d 522). This power is not restricted by State boundaries, and the courts' exercise of this power has so long been firmly settled that citation of authority is rarely considered necessary *(cf. People ex rel. Satti v Satti,* 55 AD2d 149, 152, *affd* 43 NY2d 671; *Finlay v Finlay,* 240 NY 429, 432-433; *see,* Uniform Child Custody Jurisdiction Act, Domestic Relations Law § 75-a *et seq.; Chirumbolo v Chirumbolo,* 75 AD2d 992).

The terms of a visitation order under this section are in the sound discretion of the hearing court *(see, Lo Presti v Lo Presti, supra).* However, the court apparently acted in the belief that it lacked the discretion to permit visits outside this State (including meetings at the homes of relatives in New Jersey and Connecticut that are closer to the child's home than the grandparents' Vermont residence). Accordingly, the matter is remitted to the hearing court for such an exercise of its discretion as it deems appropriate in light of this court's ruling. Mollen, P. J., Thompson, Weinstein and Rubin, JJ., concur.