OPINION OF THE COURT
George G. Bernhard, J.
In this custody proceeding brought by the paternal grandmother for visitation of a five-year-old girl, respondent, who is the mother of the child, moves to dismiss upon the ground that this court has no jurisdiction to entertain the proceeding.
The specific jurisdictional objection is addressed to the proposition that the judgment of divorce between respondent mother of the little girl and the father of the child who is still living, does not provide for any custody or visitation to his mother, the child’s grandmother. Nor does the separation agreement, the terms of which were adopted but not merged in the judgment, refer to the grandmother.
The relevant statute is section 72 of the Domestic Relations Law, which reads as follows: "Where either or both of the *60 parents of a minor child, residing within this state, is or are deceased, or where circumstances show that conditions exist which equity would see fit to intervene, a grandparent or the grandparents of such child may apply to the supreme court by commencing a special proceeding or for a writ of habeas corpus to have such child brought before such court; and on the return thereof, the court, by order, after due notice to the parent or any other person or party having the care, custody, and control of such child, to be given in such manner as the court shall prescribe, may make such directions as the best interest of the child may require, for visitation rights for such grandparent or grandparents in respect to such child.”
Inasmuch as the infant is a resident of Dutchess County, jurisdiction might be sustained under the authority of Becker v Watanabe (109 AD2d 861). However, that case does not appear to have addressed the question of whether this proceeding is required to be commenced in the Supreme Court as a useless jurisdictional prerequisite for referring the case back to this court. With such wasted efforts in mind, it is noted that the Supreme Court judgment of divorce dated July 24, 1984, bestows concurrent jurisdiction upon the Family Court "of making such further decrees with respect to maintenance, support, custody or visitation as it finds appropriate under the circumstances” so that this court finds it has jurisdiction pursuant to Family Court Act § 652 (read in conjunction with Domestic Relations Law § 240) which provides for concurrent jurisdiction to modify Supreme Court judgments as to custody or visitation.
Accordingly, it is ruled that this court has jurisdiction to determine the issues. While Domestic Relations Law § 72 was recently amended, that amendment did not address the issue before us. (L 1986, ch 252 [eff July 1, 1986]; see also, Family Ct Act § 651 [b].) Legislation is requested through the Law Revision Commission to add Family Court to section 72 of the Domestic Relations Law or to make it clear that these cases are relegated to the Supreme Court to hear and determine, as the case might be.
This case is set down for trial on Monday, November 16, 1987 at 9:30 a.m., at which time the parties shall appear ready to proceed with witnesses.
Any application for the assistance of the forensic team must *61 be made on or before July 13, 1987 so that the appointments shall be completed on or before October 19, 1987 in order that this court shall have the reports in hand one week prior to the date set for trial. Failure to make application or to appear for appointment constitutes waiver by that party of the assistance of the forensic team.