■ THOMAS L. KOSMICKI, Respondent, v MICHELLE SALZER, Also Known as MICHELLE KRULL, Appellant. [676 NYS2d 374] —Order unanimously reversed on the law without costs, cross motion granted in part and petition dismissed. Memorandum: Supreme Court erred in denying that part of defendant's cross motion to dismiss this action seeking to modify a prior custody order of a Florida Circuit Court. The court lacked jurisdiction to modify the prior order because New York is not the home State of the child (*see,* Domestic Relations Law § 75-d [1] [a]), the child does not have a significant connection with New York (*see,* Domestic Relations Law § 75-d [1] [b]), nor is the child present in New York (*see,* Domestic Relations Law § 75-d [1] [c]). Although it appears that no other State would have jurisdiction of this action, it is not in "the best interest of the child"

that New York accept jurisdiction (Domestic Relations Law § 75-d [1] [d]).

Even if we assume that the court had jurisdiction, the court nevertheless should have declined to exercise jurisdiction on the ground that New York is an inconvenient forum (*see,* Domestic Relations Law § 75-h). The child was conceived in New York, while plaintiff and defendant were dating. They did not marry and defendant moved to Florida, where the child was born in August 1992. Defendant resided in Florida with the child until she moved to South Carolina in May 1994. Defendant married a German citizen and moved to Germany with her husband and the child on July 29, 1994, where they have resided ever since. The child has never been in New York, and all evidence concerning "the child's present or future care, protection, training, and personal relationships" (Domestic Relations Law § 75-h [3] [c]) is in Germany. The exercise of jurisdiction in New York contravenes a stated policy of the Uniform Child Custody Jurisdiction Act (UCCJA), which is to assure that litigation concerning the custody of a child take place in the State with which the child and his family have the closest connection (*see,* Domestic Relations Law § 75-b [1] [c]). Although the term "State" does not include another country (*see,* Domestic Relations Law § 75-c [10]), the "general policies of [the UCCJA] extend to the international area" (Domestic Relations Law § 75-w). Under the circumstances presented here, we conclude that Germany is in the best position to litigate the issues of custody and visitation (*see, Zwerling v Zwerling,* 167 Misc 2d 782). Although defendant removed the child from this country in violation of the order of the Florida Circuit Court, "the policy of discouraging such misconduct is outweighed by the paramount concern—the child[ ]'s best interests" (*Marlow v Marlow,* 122 Misc 2d 221, 228).

We have examined defendant's remaining arguments and conclude that they are lacking in merit. (Appeal from Order of Supreme Court, Monroe County, Polito, J.—Custody.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.