■ In the Matter of FATEMA NESA, Appellant, v SHEIKH BATEN, Respondent. [736 NYS2d 173] —Mercure, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered June 28, 2000, which, in a proceeding pursuant to Family Court Act article 6, granted respondent's motion to dismiss the petition for lack of subject matter jurisdiction.

Petitioner and respondent are both citizens of Bangladesh; they were married there in 1995. They subsequently moved to New York so that respondent could pursue doctoral studies in sociology. Respondent was admitted to the United States with J-1 nonimmigrant student status; petitioner was afforded J-2 dependent status. Twin children were born to the parties in New York on April 23, 1997. Respondent obtained a divorce under the laws of Bangladesh on April 30, 2000. In February 2000, petitioner commenced this proceeding seeking custody of the children. Based upon the parties' admission that the children had not been present in New York since August 1999, Family Court determined that New York was not the children's "home state" pursuant to Domestic Relations Law § 75-d (1) (a) and that Bangladesh was a more appropriate venue for determining custody. Family Court accordingly dismissed the petition for lack of subject matter jurisdiction. Petitioner appeals.

We affirm. Although Family Court did not conduct an evidentiary hearing, the parties agreed, at the time of argument on respondent's motion to dismiss, that the children had been in New York from birth until January 1998, in Bangladesh from January 1998 to December 1998, again in New York from December 1998 to August 1999, and again in Bangladesh from and after August 1999. Based upon those admissions, Family Court was entitled to conclude that New York had not been the children's home state at the time of commencement of the custody proceeding or within the preceding six months (Domestic Relations Law § 75-d [1] [a] [i], [ii]). In addition, based upon the parties' tenuous connection with New York—respondent

was present on a temporary student visa and petitioner's J-2 dependent status had already terminated upon the parties' divorce—there was no basis for a finding that it was in the children's best interests that a court of this state assume jurisdiction (Domestic Relations Law § 75-d [1] [b]; *see, Vanneck v Vanneck,* 49 NY2d 602, 610). Finally, the children's extended absences from New York, in fact exceeding the duration of their presence in New York, is a strong indication that Bangladesh, rather than New York, has "optimum access" to relevant evidence concerning the children's present or future care, protection, training and personal relationships (*see, Steinman v Steinman,* 80 AD2d 892, 893-894; *see also,* Domestic Relations Law § 75-d [1] [b]; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-d, at 346), and it is difficult to see how the children's best interests would be served by having a New York court litigate issues of custody (*see,* Domestic Relations Law § 75-d [1] [b], [d]; *Vanneck v Vanneck, supra,* at 610; *Kosmicki v Salzer,* 252 AD2d 972). "Although the term 'State' does not include another country * * *, the 'general policies of [the Uniform Child Custody Jurisdiction Act] extend to the international area'" (*Kosmicki v Salzer, supra,* at 973, quoting Domestic Relations Law § 75-w [citation omitted]; *see, Matter of Kratz v Olsen,* 290 AD2d 689 [decided herewith]).

Petitioner's remaining contentions are either unpreserved for our consideration or have been considered and found to be unavailing.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.