■ In the Matter of SUSAN KRATZ, Appellant, v THOMAS P. OLSEN, Respondent. [736 NYS2d 451] —Spain, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered January 9, 2001, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The children who are the subject of this proceeding—triplets born in October 1997—resided in Colorado with petitioner, their mother, for the first 18 months of their lives. In May 1999, petitioner took the children to Norway to visit respondent—the children's father, a resident of Norway—and his family. According to petitioner, the trip was intended to last only three months but respondent prevented her from returning to the United States with the children by withholding their travel documents. Nevertheless, petitioner married respondent in Norway in August 1999.

In September 2000, after the children had resided with their parents in Norway for 16 months, respondent purchased airline tickets to enable petitioner and the children to return to the United States. Petitioner and the children arrived in New York on September 26, 2000 and are currently residing with petitioner's mother and sister in the City of Binghamton, Broome County. On October 26, 2000, after residing in New York for only one month, petitioner commenced this proceeding seeking custody of the children, alleging, inter alia, abusive conduct by respondent and articulating fears that respondent would attempt to surreptitiously remove the children from the United States. Respondent has not filed papers or otherwise appeared in this proceeding. Following a hearing, Family Court dismissed the petition for lack of jurisdiction. Petitioner appeals, and we affirm.

Under the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A [hereinafter UCCJA]), a New York

court may exercise jurisdiction in a custody matter only when New York is the child's home state, i.e., the child has resided in this State for at least six consecutive months (see, Domestic Relations Law § 75-c [5]), or where other specific requirements are met (see, Domestic Relations Law § 75-d [1]). Clearly, New York was not the home state of the children at the time that petitioner commenced this proceeding (see, Matter of Consford v Consford, 271 AD2d 106, 110-112).[1] However, petitioner asserts that Family Court nonetheless had jurisdiction under Domestic Relations Law § 75-d (1) (b) and (d). Those provisions give Family Court the authority to exercise jurisdiction when:

"(b) it is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (ii) there is within the jurisdiction of the court substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or * * *

"(d) (i) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), (b), or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction" (Domestic Relations Law § 75-d [1] [b], [d]).[2]

Here, petitioner and her children resided with petitioner's sister and mother in New York for only one month prior to the commencement of this proceeding and the record is devoid of any other evidence connecting petitioner and her children to New York. Under these circumstances, we agree with Family Court that neither petitioner nor the children have a "significant connection" with New York as required by Domestic Relations Law § 75-d (1) (b) (see, Matter of Consford v Consford, supra, at 112; People ex rel. Stover v Stover, 112 AD2d 519, 521; cf., Matter of Noguera v Noguera, 129 AD2d 906, 909). Likewise, in our view Family Court did not abuse its discretion

---

1. While foreign countries are not included in the definition of a "state" (see, Domestic Relations Law § 75-c [10]), we are mindful that the "general policies of [the UCCJA] extend to the international area" (Domestic Relations Law § 75-w; see, Kosmicki v Salzer, 252 AD2d 972, 973; see also, Matter of Nesa v Baten, 290 AD2d 663 [decided herewith]).

2. Petitioner also relies on the Parental Kidnaping Prevention Act of 1980 which, as pertinent here, mirrors the jurisdictional requirements set forth in the UCCJA, with the predicate that the court must have jurisdiction under the laws of its state (see, 28 USC § 1738A [c]) and, thus, it will not be independently addressed herein.

in declining to exercise jurisdiction under paragraph (d) of Domestic Relations Law § 75-d (1) in that petitioner has not established that it was in the best interests of the children for Family Court to render a custody determination. In this regard, we note the short amount of time that the children have resided in New York before filing the petition, that respondent has not appeared and the lack of any apparent exigent circumstances (*see, People ex rel. Stover v Stover, supra,* at 521; *see also, Kosmicki v Salzer,* 252 AD2d 972, 972-973).

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.