■ In the Matter of DOMENICA GIOVINAZZO et al., Respondents, v DOROTHY GIOVINAZZO, Appellant. [787 NYS2d 116]—

In a proceeding pursuant to Domestic Relations Law § 72 for grandparent visitation, the mother appeals from an order of the

Supreme Court, Richmond County (Minardo, J.), dated February 13, 2004, which granted that branch of the petition which was for visitation with the children on a temporary basis pending a final adjudication of the proceeding and denied her cross motion to dismiss the proceeding.

Ordered that the order is reversed, on the law, with costs, the cross motion to dismiss the proceeding is granted, the branch of the petition which was for temporary visitation is denied as academic, the petition is otherwise denied, and the proceeding is dismissed.

It is well settled that jurisdiction to entertain a visitation proceeding cannot be based solely on the presence of the petitioner within New York (*see Becker v Watanabe*, 109 AD2d 861 [1985]). There must be a close connection between the child and the state. While it can be disputed that the respondent mother and her children, although living in Pennsylvania, have a close connection with New York, Pennsylvania is nevertheless the more convenient and appropriate forum for this matter (*see* CPLR 327 [a]). The undisputed facts indicate that the respondent and her three children, who attend school and are involved in several extracurricular activities, all live in Pennsylvania. Additionally, the children's physician and psychological counselor, who will be needed as witnesses, reside in Pennsylvania. On the other hand, the petitioner grandparents did not identify any witnesses, other than themselves, who may be inconvenienced by traveling to Pennsylvania for the purposes of litigating this matter. The grandparents are not left without a remedy, as Pennsylvania has a relevant grandparent visitation statute which may arguably be more liberal than its New York counterpart (*see* 23 Pa Cons Stat § 5311). Florio, J.P., Krausman, Fisher and Lifson, JJ., concur.