■ In the Matter of NUSRAT C., Respondent, v MUHAMMAD R., Appellant. [886 NYS2d 881]—Writ of habeas corpus, Family Court, Bronx County (Andrea Masley, J.), entered on or about August 8, 2008, in a custody proceeding, which directed respondent to produce the parties' child, and order, same court (Marian R. Shelton, J.), entered on or about December 27, 2007, which denied respondent's motion to dismiss the proceeding for lack of subject matter jurisdiction, unanimously affirmed, without costs.

Subject matter jurisdiction exists under both (1) Domestic Relations Law § 70 (a), where, as here, even though the child lives abroad, both parents live here and are personally before the court (*see People ex rel. Satti v Satti*, 55 AD2d 149, 152-153 [1976], *affd* 43 NY2d 671 [1977]), and (2) Domestic Relations Law § 76 (1) (d), where, as here, the child's state of residence lacks jurisdiction under Domestic Relations Law § 76 (1) (a)-(c). We have considered and rejected respondent's other arguments, including that the proceeding should be dismissed on the ground that New York is an inconvenient forum (Domestic Relations Law § 76-f). Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL HOLMES, Appellant. [886 NYS2d 881]—Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered on or about August 3, 2006, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant may apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order.

Denial of the application for permission to appeal by the judge or justice first applied to is final and no new application may thereafter be made to any other judge or justice. Concur—Mazzarelli, J.P., Andrias, Friedman, Nardelli and Moskowitz, JJ.