■ In the Matter of JOEL MALEK JR., Appellant, v CAROLE KWIATKOWSKI, Respondent. [933 NYS2d 451]—

Rose, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of two daughters (born in 2004 and 2008). As there was no custody order, the father commenced this proceeding for joint custody and visitation in June 2010, alleging that the mother had relocated with the children in April 2010. The mother appeared pro se by telephone at Family Court's first two hearings, but she withheld her out-of-state address from the father because she alleged that she and the children were fearful of him. At the third appearance, the mother's counsel appeared on her behalf and claimed that she was financially unable to travel to New York at that time. Although the mother's counsel raised the issue of the lack of personal jurisdiction over his client, Family Court stated that the mother had submitted to the court's jurisdiction, set a trial date and told counsel that the mother's failure to appear on that date would result in a default. At the scheduled trial date, however, Family Court directed the mother's counsel to again make a motion to dismiss based on lack of jurisdiction, determined that the mother had not waived service by appearing and dismissed the petition with prejudice. The father appeals.

Family Court erred in dismissing the case for lack of personal jurisdiction given the provision of the Uniform Child Custody Jurisdiction and Enforcement Act found at Domestic Relations Law § 76 (3), which provides that "[p]hysical presence of, or personal jurisdiction over, a party or a child is not necessary or

sufficient to make a child custody determination." Further, under the circumstances here, it was improper to dismiss the father's petition without first ordering service by an alternative method (*see* Domestic Relations Law § 75-g [1] [c]; *Matter of Hofelich v Garrow*, 69 AD3d 1254, 1256 [2010]). The mother had not revealed her address to the father, making normal service of process impractical. Additionally, the court had stated previously that the mother had submitted to its jurisdiction and ordered her to appear for a trial, thus giving the father no reason to believe that jurisdiction remained an issue. The court's peremptory resurrection of the issue when the mother did not appear on the trial date and its grant of the motion without affording the father an opportunity to serve the mother by alternative means was, in our view, improper under these circumstances and we reverse and remit for that purpose (*see id.* at 1256).

Mercure, J.P., Peters, Spain and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.