In the Matter of JUDITH H. BRESELOR, Respondent, v JANELLE JULIEN ARCINIEGA, Appellant. [1 NYS3d 413]—

Lynch, J. Appeal from an order of the Family Court of Rensselaer County (E. Walsh, J.), entered August 5, 2013, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation.

Respondent is the mother of a child born in 1999. Petitioner, who is the child's maternal grandmother, petitioned for visitation with the child after respondent and the child moved from Averill Park, Rensselaer County, where petitioner resides, to Florida (see Domestic Relations Law § 72 [1]; Family Ct Act § 651 [b]). Respondent moved to dismiss the petition, arguing that Family Court did not have jurisdiction. The court denied the motion to dismiss and, ultimately, awarded petitioner unsupervised visitation with the child. Respondent appeals and we affirm.

The question raised on this appeal involves interpretation of the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA), codified within Domestic Relations Law article 5-A. The UCCJEA provides the jurisdictional grounds for a court of this state to hear an initial custody dispute,[1] including when "this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state" (Domestic Relations Law § 76 [1] [a]; see Matter of Destiny EE. [Karen FF.], 90 AD3d 1437, 1440 [2011], lv dismissed 19 NY3d 856 [2012]; see also Matter of Kratz v Olsen, 290 AD2d 689, 689-690 [2002]).[2]

It is not disputed that New York was the home state of the child within six months prior to the time that petitioner commenced this proceeding. Because the child moved to Florida approximately two months prior to the commencement of the proceeding, the question presented is whether Family Court properly concluded that petitioner was a "person acting as a parent" for the purposes of the UCCJEA. A "person acting as a parent" is one who "(a) has physical custody of the child or has

---

1. For purposes of the UCCJEA, a custody determination includes an application for an order of visitation (see Domestic Relations Law § 75-a [3]).

2. The "[h]ome state" is defined as the "state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement" of a proceeding for visitation (see Domestic Relations Law § 75-a [4], [7]).

had physical custody for a period of six consecutive months . . . within one year immediately before the commencement of a child custody proceeding; and (b) has been awarded legal custody by a court or claims a right to legal custody under the law of this state" (Domestic Relations Law § 75-a [13]). While we recognize petitioner's dedication to her daughter and the child throughout the child's life, we conclude that, because petitioner neither claims a right to legal custody nor has been awarded legal custody of the child, Family Court erred when it determined that petitioner was a "person acting as a parent" pursuant to Domestic Relations Law § 76 (1) (a).

Respondent also contends that there is no basis for jurisdiction pursuant to Domestic Relations Law § 76 (1) (b). We disagree. Having found that petitioner was not a "person acting as a parent," it follows that, at the time this proceeding was commenced, the child, who had been living in Florida for fewer than six months, did not have a home state for purposes of the UCCJEA (*see Matter of Destiny EE. [Karen FF.],* 90 AD3d at 1440). In such a case, a New York court may exercise jurisdiction if "(i) the child [and the parent] . . . have a significant connection with this state other than mere physical presence; and (ii) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76 [1] [b]).

Here, the evidence before Family Court demonstrates that the child was born in 1999 in Kansas, moved to England in 2001, and moved to Florida in 2004. The child's father died in March 2009, and the child and respondent moved to Rensselaer County at the end of the 2009 school year. The child and respondent lived in Rensselaer County until the summer of 2011, when they returned to Florida. Respondent does not dispute that, during the time that the child lived in England and Florida, the child spent "four to five full summers" and attended summer camp in New York and also visited petitioner's home in New York during an unspecified number of school breaks, long weekends and vacations. It is also undisputed that, during her time in New York, the child attended school and developed relationships with petitioner, petitioner's husband and extended family who also reside in New York. Under the circumstances presented, we find that the record supports a finding that, at the time that the petition was filed, the child and respondent had a significant connection with New York and that "substantial evidence regarding her present and future welfare" existed in New York (*Vernon v Vernon,* 100 NY2d 960, 973 [2003]; *see Warshawsky v Warshawsky,* 226 AD2d 708, 709 [1996]). Accord-

ingly, we find that Family Court had subject matter jurisdiction to entertain the petition. We note that in Florida, a grandparent has the right to seek visitation only in limited circumstances, none of which appears to apply here (*see* Fla Stat § 752.01; *compare* Domestic Relations Law § 72).

Finally, we find that Family Court also had personal jurisdiction over respondent inasmuch as she was personally served in Florida pursuant to the court's order (*see* Domestic Relations Law § 75-g [1]; CPLR 302 [b]; 313). In any event, the court had no authority to dismiss the proceeding for lack of personal jurisdiction (*see* Domestic Relations Law § 76 [3]; *Matter of Malek v Kwiatkowski*, 90 AD3d 1109, 1109-1110 [2011]).

Respondent's remaining contentions have been considered and are either without merit or not necessary to consider in light of the foregoing findings.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.