■ In the Matter of Barbara Reilly et al., Appellants, v Terence Mann, Respondent. [39 NYS3d 85]—

Appeal by the maternal grandparents from an order of the Family Court, Suffolk County (Heather P.S. James, Ct. Atty. Ref.), dated August 3, 2015. The order, without a hearing, granted the father's motion to dismiss the maternal grandparents' petition pursuant to Domestic Relations Law § 72 for grandparent visitation.

Ordered that the order is affirmed, without costs or disbursements.

In March 2015, the maternal grandparents of the subject child filed a petition pursuant to Domestic Relations Law § 72 seeking visitation with the child, who resides with her father in Connecticut. Thereafter, the father moved to dismiss the petition based on lack of jurisdiction. In an order dated August 3, 2015, the Family Court granted the father's motion to dismiss the petition, without prejudice to the petitioners filing an application for similar relief in Connecticut. The court determined that the child did not reside within New York, and that New York was an inconvenient forum for this matter. We affirm, albeit on a ground different from that relied upon by the Family Court.

As relevant here, Domestic Relations Law § 76 provides that a court of this state has jurisdiction to make an initial child custody determination, inter alia, where "(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and (ii) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76 [1] [b]; *see Matter of Breselor v Arciniega*, 123 AD3d 1413, 1415 [2014]). Here, the record reveals that, since October 2014, the child has resided with her father in Connecticut, where she is enrolled in school and involved in various extracurricular activities. There is no evidence that the child still has a close connection with New York (*see* Domestic Relations Law § 76 [1]

[b]), and "jurisdiction to entertain a visitation proceeding cannot be predicated solely upon the mere presence of the petitioner[s] within the State" (*Becker v Toshiko Watanabe*, 109 AD2d 861, 861 [1985]). Under these circumstances, the father's motion to dismiss the petition pursuant to Domestic Relations Law § 72 was properly granted (*see Matter of Hausner v Giordano*, 62 AD3d 999, 999 [2009]; *Becker v Toshiko Watanabe*, 109 AD2d at 861; *cf. Matter of Breselor v Arciniega*, 123 AD3d at 1415-1416).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.