Matter of Defrank v Wolf (2020 NY Slip Op 00126)





Matter of Defrank v Wolf


2020 NY Slip Op 00126


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-02645
 (Docket No. V-5612-18)

[*1]In the Matter of Alyssa T. Defrank, appellant, 
v
Kyle C. Wolf, respondent.


Carol J. Lewisohn, Woodmere, NY, for appellant.
Ngozi Rosaline Asonye, Freeport, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated March 11, 2019. The order dismissed, for lack of subject matter jurisdiction, the mother's petition for custody of the parties' child.
ORDERED that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the petition.
The parties are the parents of one child, born in 2015. For the first two years of his life, the child lived with his parents in Pennsylvania. However, in November 2017, the child began residing with his maternal great grandmother in New York. The mother moved to New York to live with the child and the maternal great grandmother in January 2018.
On June 27, 2018, the mother filed the instant petition in the Family Court, Nassau County, for custody of the child. The father subsequently filed a custody petition in Pennsylvania. The Family Court thereafter held a hearing to determine whether it had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A). In an order dated March 11, 2019, the court dismissed the mother's petition for lack of jurisdiction. The mother appeals.
New York has jurisdiction to make an initial child custody determination if "this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state" (Domestic Relations Law § 76[1][a]). "Home state" is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a[7]).
Here, although the child was living in New York for six consecutive months immediately before this proceeding was commenced, he was not living with a parent in this state for that time period, because the mother did not move to New York until January 2018. Moreover, the maternal great grandmother was not a "person acting as a parent," as that term is defined by statute, because she had not been awarded legal custody of the child by a court and did not claim a right to [*2]legal custody of the child (Domestic Relations Law § 75-a[13]; see Matter of Breselor v Arciniega, 123 AD3d 1413, 1415). As such, we agree with the Family Court's conclusion that New York was not the home state of the child at the time of the commencement of the proceeding (see Domestic Relations Law § 75-a[7]; Matter of Intriago v Diaz-Garcia, 147 AD3d 1054, 1055).
However, contrary to the Family Court's determination, Pennsylvania did not have jurisdiction over the matter. Pennsylvania also did not qualify as the home state of the child, since the child had been living in New York for more than six months prior to the commencement of the proceeding (see Domestic Relations Law § 76[1][a]; Matter of Hollander v Weissberg, 147 AD3d 831, 833). Thus, the child did not have a home state at the time of commencement. In such a case, New York may exercise jurisdiction if "(i) the child . . . and at least one parent . . . have a significant connection with this state other than mere physical presence; and (ii) substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76[1][b]; see Matter of Breselor v Arciniega, 123 AD3d at 1415; Matter of Destiny EE. [Karen FF.], 90 AD3d 1437).
The record demonstrates the child's and the mother's significant connection with New York, as well as the availability of substantial evidence in this state, which is where the child and the mother continue to reside with the maternal great grandmother, and where the child is enrolled in school and is seen by a pediatrician (see Matter of Breselor v Arciniega, 123 AD3d at 1415). As such, pursuant to Domestic Relations Law § 76(1)(b), New York has jurisdiction to make an initial child custody determination in this matter.
Accordingly, we reverse the order, reinstate the petition, and remit the matter to the Family Court, Nassau County, for further proceedings on the petition.
The mother's remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court