Matter of Celinette H.H. v Michelle R. (2024 NY Slip Op 00456)

Matter of Celinette H.H. v Michelle R.

2024 NY Slip Op 00456

Decided on February 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 01, 2024

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. V-6806-18/20A V-6807-18/20A V-6808-18/20A Appeal No. 1571 Case No. 2021-03086 

[*1]In the Matter of Celinette H.H., Petitioner-Appellant,
v
Michelle R., et al., Respondents-Respondents. 

Carol Kahn, New York, for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for Michelle R., respondent.
Geoffrey P. Berman, Larchmont, for Willie R., respondent.
Philip Katz, New York, attorney for the children.

Order, Family Court, New York County (Gail A. Adams, Ref.), entered on or about July 21, 2021, which denied petitioner mother's writ of habeas corpus and dismissed the petition against respondents father and grandmother without prejudice to the mother filing a custody petition, unanimously reversed, on the law, without costs, to the extent of converting the mother's writ of habeas corpus into a petition for custody and remanding the matter to Family Court for further proceedings.
Family Court had jurisdiction over the parties to decide the mother's custody petition pursuant to article 6 of the Family Court Act and, upon that basis and the unique circumstances presented in this case, should have converted the action from a writ of habeas corpus to a custody proceeding pursuant to CPLR 103(c) (see Matter of Phalen v Theatrical Protective Union No. 1 , 22 NY2d 34, 41 [1968], cert denied 393 US 1000 [1968]; see also People ex rel. Satti v Satti , 55 AD2d 149, 152 [1st Dept 1976], affd 43 NY2d 671 [1977]).
The mother could not have even filed a custody petition in 2020 as a result of the Family Court's Covid-19 moratorium on all nonessential matters but petitioning for a writ of habeas corpus was an available option to seek the return of the children to New York at the time. By the time the restriction was lifted, the children had already been out of state for more than six months, and Family Court had no jurisdiction over them which resulted in dismissal of the mother's subsequently-filed custody application. Further, the court was advised by the mother, attorney for the children, and the father's own counsel on numerous occasions that the father had not been responsive to their outreach efforts and they did not know his whereabouts. Further, he had hung up on the court during the October 15, 2020 virtual court appearance and after the court appointed him counsel, advised his counsel that he did not plan to attend the scheduled virtual court appearance on November 17, 2020. Although the mother was initially able to serve the father with the writ, her subsequent attempts at serving him were unsuccessful. The record reflects that while his attorney informed him of the inquest date, the father did not appear though we note that the court did not send him a notice of inquest as it had planned.
We therefore reverse and remand the case to Family Court for a further custody hearing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 1, 2024