Matter of Rodriguez v Escobar (2025 NY Slip Op 01224)

Matter of Rodriguez v Escobar

2025 NY Slip Op 01224

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-11211
2023-11214
 (Docket No. V-11608-21)

[*1]In the Matter of Brandon S. Rodriguez, appellant, 
v
Glorianne Escobar, respondent. Nestor Soto, Astoria, NY, for appellant.

Legal Services New York City-Queens, Jamaica, NY (Johan P. Byssainthe-Charles of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Queens County (Dean T. Kusakabe, J.), both dated November 21, 2023. The first order, after a hearing to determine the validity of service of process, granted the mother's motion to dismiss the petition. The second order dismissed the petition.
ORDERED that the appeal from the first order is dismissed, without costs or disbursements, as no appeal lies as of right from a nondispositional order in a proceeding pursuant to Family Court article 6 (see Family Court Act § 1112[a]), and leave to appeal has not been granted; and it is further,
ORDERED that the second order is reversed, on the law, without costs or disbursements, the first order is vacated, the petition is reinstated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith.
The parties, who were never married, have one child together, born in 2015. In 2021, the father, who believed that the mother and the child were residing outside New York, commenced this proceeding for a writ of habeas corpus to compel the mother to produce the child before the Family Court and for parental access with the child. The mother moved to dismiss the petition for lack of personal jurisdiction due to improper service of process, or, in the alternative, pursuant to Domestic Relations Law § 76-f on the ground of forum non conveniens, or, in the alternative, pursuant to Domestic Relations Law § 76-g on the ground of unjustifiable conduct on the part of the father.
The Family Court found that a hearing was necessary to determine the validity of service of process upon the mother. After conducting the hearing, the court found that service upon the mother was not properly effectuated. In an order dated November 21, 2023, the court granted the mother's motion to dismiss the petition based on lack of personal jurisdiction. In a separate order, also dated November 21, 2023, the court dismissed the petition. The father appeals.
The Uniform Child Custody Jurisdiction Enforcement Act (Domestic Relations Law [*2]Article 5-A) applies to this proceeding, since it is undisputed that the father resides in New York, while the mother and the child reside outside New York, and the father is seeking a writ of habeas corpus directed to the mother commanding her to produce the child in court so that he may be given parental access rights to the child (see Domestic Relations Law § 75-a[4]; see also Matter of Kassim v Al-Maliki, 194 AD3d 719, 720-721). As relevant herein, Domestic Relations Law § 75-g(1) provides that "[n]otice required for the exercise of jurisdiction when a person is outside this state . . . must be given in a manner reasonably calculated to give actual notice." Pursuant to Domestic Relations Law § 75-g(1)(a), "[i]f a person cannot be served with notice within the state, the court shall require that such person shall be served in a manner reasonably calculated to give actual notice . . . by[, inter alia,] personal delivery outside the state in the manner prescribed by [CPLR 313]." In turn, CPLR 313 permits a person outside the state to be personally served with the summons "in the same manner as service is made within the state."
Here, after multiple unsuccessful attempts at court-ordered personal service, the Family Court directed the father to serve the mother in accordance with CPLR 308(4), which, as relevant herein, may be accomplished "by affixing the summons to the door of either the . . . dwelling place or usual place of abode within the state of the person to be served and by . . . mailing the summons to such person at his or her last known residence." In moving to dismiss the petition due to lack of personal jurisdiction, the mother effectively acknowledged that she had received a copy of the summons and petition affixed to the door of her home but stated simply, "To date, I have not received any mailing of the summons/petition."
In opposition, however, the father submitted an affidavit of service from a process server, in which the process server averred that he had mailed the summons to the mother at her residence by enclosing it in a post-paid wrapper marked "'personal and confidential'" and delivering it to a branch of the United States Postal Service (see CPLR 3211[e]). In reply, the mother failed to submit an affidavit elaborating on her bare denial of receipt of the summons and petition by mail at her admitted residence.
Under such circumstances, the Family Court erred in directing a hearing to determine the validity of service of process upon the mother and should have found that service of process upon the mother was properly effectuated (see Countrywide Home Loans, Inc. v Smith, 171 AD3d 858, 859; see also OneWest Bank FSB v Perla, 200 AD3d 1052, 1055-1056; cf. Castillo-Florez v Charlecius, 220 AD3d 1, 14-15). In any event, the court had no authority to dismiss the petition for lack of personal jurisdiction (see Domestic Relations Law § 76[3]; Matter of Breselor v Arciniega, 123 AD3d 1413, 1416; Matter of Malek v Kwiatkowski, 90 AD3d 1109, 1109-1110; Rajic v George, 45 Misc 3d 1025, 1031 [Sup Ct, New York County]).
In light of our determination, we need not reach the father's remaining contentions.
The Family Court did not reach the alternative grounds raised by the mother for dismissal of the petition, i.e., that New York is an inconvenient forum (see Domestic Relations Law 76-f) and that the father engaged in unjustifiable conduct (see id. § 76-g). We remit the matter to the Family Court, Queens County, for a new determination of the mother's motion to dismiss the petition after considering these grounds.
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court